BANK OF COMMERCE & TRUST CO., COMPLAINANT, APPELLEE,
*v.* CHARLES M. McCABE, COM'R., ETC., DEFENDANT,
APPELLANT.*

Opinion filed July 2, 1932.

*As to construction of tax laws in favor of taxpayer, see 25 R. C. L.,
1092; R. C. L. Perm. Supp., p. 5652; R. C. L. Pocket Part, title Stat-
utes, section 307.

On taxation of income of non-residents, see annotation in 15 A. L. R.
1326; 26 R. C. L., 144; R. C. L. Perm. Supp., p. 5708; R. C. L. Pocket
Part, title Taxation, section 118.

HOLMES, CANALE, LOCH & GLANKLER, for complainant, appellee.

L. D. SMITH, Attorney-General, and J. W. COOPER, Assistant Attorney-General, for defendant, appellant.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The bill herein was filed to recover certain taxes paid under protest exacted by the Commissioner of Finance and Taxation under the Hall Income Tax Law, chapter 86, Acts of 1929. The Chancellor granted the relief prayed for, and the Commissioner has appealed and assigned the decree of the Chancellor for error.

The complainant is a Tennessee corporation, with its situs at Memphis. It is the duly appointed and qualified guardian and trustee of certain nonresident minors and beneficiaries, and as such received certain incomes on stocks and bonds, on which taxes were paid as stated above. There is no express language in the Act that taxes the incomes of nonresidents, or taxes incomes re-

ceived by resident guardians or trustees, or other fiduciaries, for the benefit of nonresident wards or beneficiaries.

■ Revenue acts are not to be interpreted so as to extend their provisions by implication beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out, but are to be construed most strictly against the State and in favor of the citizen. *United States* v. *Merriam*, 263 U. S., 179, 68 L. Ed., 240; *Smietanka* v. *First Trust & Sav. Bank*, 257 U. S., 602, 66 L. Ed., 391; *Gould* v. *Gould*, 245 U. S., 151, 62 L. Ed., 211; *State ex rel.* v. *L. & N. R. R. Co.*, 139 Tenn., 412.

■ Section 1 of the Act is as follows:

"That beginning with the calendar year 1929, and for each calendar year thereafter to be computed from July 1 to July 1 of each year, an income tax to the amount of five per cent per annum shall be levied and collected on incomes derived by way of dividends from stocks or by way of interest on bonds of each person, partnership, association, trust and corporation in the State of Tennessee who received during any year income from the sources above enumerated, except as hereinafter provided."

We might entertain some doubt as to the intent of the legislature in including the word "trust" but for the interpretation placed upon this word by the legislature in section 10 of the Act, which provides as follows:

"That the word 'person,' as used in this Act, shall be held to include every natural person, partnership, joint stock company, business trust or corporation in receipt of dividends from corporate stocks or interest on bonds as herein defined, regardless of the source from

which such income is derived, save and except as is herein otherwise expressly provided.''

Evidently the legislature had in mind a ''business trust,'' also referred to in the authorities as a ''Common Law Trust''. or a ''Massachusetts Trust,'' such trusts having originated in that State, and which is neither a partnership, a joint stock association, nor a corporation. The purpose of such trusts is stated by Mr. Fletcher in his Cyclopedia of Corporations, vol. 9, p. 10459, as follows:

''Statutory regulation of corporations, based to some extent in particular states on alleged unreasonable hostility to corporations, and the fact that the organization of corporations for one or more purposes is prohibited in some states, have resulted in an attempt, where persons desire to combine their capital for business purposes, to create a form of combination which will, without incorporation, enable the contributors of capital to escape personal liability as partners and, at the same time, secure many or most of the advantages of a corporation. These combinations of capital, organized under the terms of trust deeds,. are common in Massachusetts, especially in case of real estate trust, and have been adopted to some extent in other states.''

The Federal Income Tax of 1913 imposed a tax upon the income of every ''corporation, joint stock company or association.''. The Supreme Court in *Crocker* v. *Malley* (1919), 249 U. S., 223, 63 L. Ed., 573, 2 A. L. R., 1601, held that the income from a common-law trust was not subject to the Federal tax. With this decision in mind, and in order that an association of this character might not escape the tax, the legislature expressly. included a ''business trust.'' We hold, therefore, that the legisla

ture did not purpose to tax nonresident beneficiaries and wards whose trustees and guardians reside in this State. To remove any doubt as to the matter, the next legislature reenacted the 1929 Act, with the added provision.

"Trust estates located in Tennessee shall not be required to pay tax under this Act on the income from securities held for the benefit of nonresidents of Tennessee, even though the moneys of the trust estate or any portion thereof shall be invested in stocks and/or bonds which would otherwise be assessable under this Act." Chapter 20, section 14, 2d Extra Session, 1931.

The State also insists that the word "person" is broad enough to cover trustees and beneficiaries. To this we cannot agree, particularly in view of the fact that the legislature in a subsequent section of the Act defined this word, and under the definition the parties taxed herein were not included.

The State further insists that the Act of 1929 is amendatory of the General Revenue Act of 1907, chapter 602, and that the two, when construed *in pari materia,* will show a clear intent to tax trustees and beneficiaries on incomes from stocks and bonds. The Act of 1929 is complete in itself, and amended the Act of 1907 only in so far as it was necessary to remove stocks and bonds from its provisions, otherwise the two acts would have been in conflict.

There is no error in the decree of the Chancellor, and it will be affirmed.