HAMILTON NATIONAL BANK, COMPLAINANT, APPELLANT, *v.*
CITY OF CHATTANOOGA, DEFENDANT, APPELLEE.

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

J. L. FOUST, for complainant, appellant.

J. W. ANDERSON, for defendant, appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

This is a controversy between the complainant bank
and the defendant city as to whether a savings deposit
on hand for more than six months is subject to an *ad
valorem* tax. The chancellor held that it was and the

complainant has appealed. The bank is acting as executor of one of its former customers and on January 10, 1930, and on January 10, 1931, as such executor, had on hand in bank as a savings deposit several thousand dollars upon each date.

On each date the money in the savings account had been on hand for more than six months.

The bank maintains that this savings deposit is not subject to *ad valorem* taxation by reason of the provisions of the income tax law, chapter 86 of the Acts of 1929. That Act exempts certain bonds from *ad valorem* taxation and then defines the word "bond" as follows:

"The word 'bond' shall be held and construed to include all obligations issued by any person, firm, joint stock company, business trust or corporation organized and doing business under the laws of the State of Tennessee, or any other State, evidenced by an instrument whereby the obligor is bound to pay interest to the obligee regardless of whether the obligor is doing business in the State of Tennessee, or whether the obligation under the terms of which the interest accrues is a mortgage or lien on property located in the State of Tennessee or beyond the jurisdiction thereof; provided that the word 'bond' shall not include ordinary commercial paper, trade acceptance, etc., maturing in six months or less from the date of issue."

The argument is that the savings pass-book issued to the complainant is an obligation whereby "the obligor is bound to pay interest to the obligee" and that only the interest from said savings account is taxable.

The pass-book, however, contains this provision: "Savings deposits will ordinarily be paid upon demand, but the bank reserves the right to require sixty days' notice

of withdrawal of funds in this department. The bank also reserves the right to repay any deposit at any time.''

The chancellor was of the opinion that since the depositor might ordinarily withdraw his funds on demand and that since the bank might pay off the depositor at any time and stop interest, the contract between the bank and the depositor was not one by which the bank was ''bound to pay interest.'' He likened the situation to one represented by a note payable on demand or one day after date.

Regardless of the foregoing, however, we think it was properly held that this bank deposit was subject to *ad valorem* taxation. This conclusion is required by the very language of chapter 86 of the Acts of 1929. That Act amends section 8 of the General Assessment Act (chapter 602, Acts of 1907), providing for the assessment of personal property.

Class 7 of section 8 of the Act of 1907 subject to *ad valorem* tax is ''notes, duebills, choses in action, accounts, mortgages, or any other evidence of indebtedness and money on hand or on deposit or invested in any manner in this State or elsewhere not otherwise assessed.'' Class 7 is amended by the Act of 1929 so as to make it read (carried as class 5 in the later Act) ''money on hand or on deposit in this State or elsewhere not otherwise assessed in this State.

It thus appears that the Act of 1929, in so many words, excluded money on deposit from the scope of that Act and left it subject to *ad valorem* taxation. The circumstance that money is on deposit at interest does not make it any the less money on deposit.

The discrimination between money on savings deposit and money loaned out, evidenced by note or other like

instrument, may be justified on like principles as the discrimination between short term paper and long term paper discussed in *Shields* v. *Williams,* 159 Tenn., 349.

Affirmed.