CLEMENT *v.* STONE *et al.*

(Division A.   May 31, 1943.)

[13 So. (2d) 647.   No. 35373.]

W. G. Boone, Harold W. S. Leeker, and Canole, Glanker, Loch & Little, all of Memphis, Tenn., for appellant.

Greek L. Rice, Attorney General, by W. D. Conn, Jr., Assistant Attorney General, for appellees.

Argued orally by W. G. Boone, for appellant, and by W. D. Conn, Jr., for appellees.

Smith, C. J., delivered the opinion of the court.

The appellant, a citizen and resident of the State of Tennessee, filed an income tax return with the State Tax Commission under Chapter 120, Laws of 1934, as amended, disclosing an income from a farm owned by him in Mississippi on which there would be due a tax of $333.43, accompanied by a check therefor. A deduction made by him from his income was disallowed by the State Tax Commission. The appellant protested this deduction before the Commission and also claimed that

his income from this farm was exempt from taxation under Section 37 of the above statute as it now appears in Chapter 124, Laws of 1940. The assessment of this income without the allowance of any deduction therefrom was approved by the State Tax Commission and thereafter the appellant filed a petition in the court below under Section 30 of this statute, setting forth his claim to this exemption and praying (1) that his claimed exemption be allowed, and the Commission be directed to refund him the $333.43 paid by him on this income in accordance with Section 35 of this statute, or (2) should this income be held to be subject to a tax thereon, that the appellant's deduction therefrom be approved. This petition was dismissed by the court below on its sustaining a demurrer thereto.

Section 37, Chapter 120, Laws of 1934, as it appears in Chapter 124, Laws of 1940, provides:

"A citizen of a state other than the state of Mississippi which levies an income tax shall be exempt from the payment of a income tax on all income received from within the state of Mississippi if the state of which he is a citizen extends the same exemption to a citizen of this state."

In order for this statute to here apply, Tennessee must levy an income tax from which the income of residents of Mississippi derived from sources within Tennessee is exempt. Title 5, Section 1123(1), Michie's Tennessee Code of 1938, is in part as follows:

"Beginning with the calendar year 1937 and for each calendar year thereafter, to be computed from January 1st to January 1st of each year, an income tax in the amount of six (6%) per cent per annum (except as provided in the next paragraph), shall be levied and collected on income derived by way of dividends from stocks, or by way of interest on bonds of each person, partnership, association, trust and corporation in the state of Tennessee who received, or to whom accrued, or to whom was

credited during any year income from the sources above enumerated except as hereafter provided."[1]

This statute does not tax the income of non-residents of Tennessee derived from sources within that state, Bank of Commerce & Trust Co. v. McCabe, 164 Tenn., 591, 51 S. W. (2d) 850,[2] consequently such income is exempt therefrom and the requirement of Section 37, Chapter 120, Laws of 1934, is met thereby. True it is that the Mississippi income statute, Chapter 120, Laws of 1934, as amended, is not identical with the Tennessee statute and covers sources of income not included in the latter, nevertheless the Tennessee statute imposes ''an income tax'' on income derived from sources within that State from which the income of residents of Mississippi is exempt. The manifest purpose of the Mississippi statute, Section 37, Chapter 120, Laws of 1934, is to avoid the taxation of one's income by more than one state; to accomplish which the statute should be liberally construed and not ''as would an offer to sell, which must be accepted in exactly categorical terms without variation or shadow of change before it can become operative.'' Bliss v. Bliss, 221 Mass. 201, 109 N. E. 148, 152, L. R. A. 1916A, 889.

[1] Section 1123 (28) of this Tennessee statute provides that "Trustees, guardians, administrators, executors and other persons acting in a fiduciary capacity who receive income taxable under this law for the benefit of residents of Tennessee, shall be required to make returns under this law and to pay the tax herein levied. Trustees, guardians and other persons acting in a fiduciary capacity who are residents of Tennessee, and who receive income on behalf of nonresident beneficiaries, shall not be required to pay tax under this law even though such income be derived from stocks or bonds which would otherwise be assessable under this law. However, executors or administrators receiving income taxable under this law from stocks or bonds which were the property of a decedent who resided in Tennessee shall pay tax upon the same until such time as such stocks or bonds have been distributed or transferred to distributees or legatees thereof."

[2] The Attorney General of the State of Tennessee has so interpreted the case of Bank of Commerce & Trust Co. v. McCabe in two opinions, one rendered July 7th, 1938, and another on June 8th, 1940.

774

The demurrer to the appellant's petition should have been overruled.

Since the appellant is not liable for the tax here sought to be collected his claim for a deduction therefrom in event he should be held to be liable therefor disappears and will not be considered.

Reversed and remanded.