TEMPLETON *v.* BARTLETT *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

JOHN D. TEMPLETON, of Shelbyville, for complainant (appellee).

TEMPLETON & STEVENS, of Fayetteville, HAROLD HAYES, of Lynchburg, for defendant (appellants).

Mr. Justice Gailor delivered the opinion of the Court.

Complainant, as administrator of the estate of Allen Roughton Waggoner, deceased, filed this bill in the Chancery Court of Moore County, to enjoin the County Trustee from taxing *ad valorem* certain certificates of deposit which came into complainant's hands as assets of the estate of the deceased. The defendant answered the bill. A stipulation of facts was filed and the Chancellor, after hearing the cause, decided in favor of the complainant, granted the injunction as prayed, and the defendant has perfected this appeal.

The defendant, Trustee, insists that the certificates of deposit, all of which except one, matured more than six months from the date of their making, are taxable under Code, Section 1355, Class 5, as "money on hand or on deposit in this state or elsewhere not otherwise assessed in this state." To support this contention, defendant relies on the case of *Hamilton Nat. Bank* v. *City of Chattanooga,* 165 Tenn. 283, 54 S. W. (2d) 943.

On the other hand, complainant insists that those certificates of deposit which came into his hands as assets of the estate of the decedent and which matured more

than six months from the date of their making, are taxable under the Hall Income Tax Law, Code, Section 1123.2 et seq., and that the one maturing less than six months from the date of its making, escapes taxation. This was the Chancellor's view, and to support it, he relied on *Hedges* v. *Shipp,* 166 Tenn. 451, 62 S. W. (2d) 49.

Although in this particular case, words of negotiability,—"order or bearer," had been struck out of the certificates of deposit, they were, nevertheless, interest-bearing promissory notes of the bank, and for the purpose of taxation, they were the same as the promissory notes in *Hedges* v. *Shipp, supra.*

We think the following definition and discussion from the opinion in *Hedges* v. *Shipp, supra,* are determinative of the issues here: "In construing laws the intention of the Legislature is to be first sought, and in finding this intention the legislation must be considered as a whole. Taking this view of the acts under consideration, it seems clear that the intention was (1) to subject to an income tax 'all obligations issued. . . . evidenced by an instrument whereby the obligor is bound to pay interest to the obligee' (except certain of those maturing within six months) and (2) to relieve from *ad valorem* tax all such investment, or income yielding, obligations, providing, however, for the continued taxation *ad valorem* of money itself, in the hands of the owner, or on deposit by him, this exception being justified on the theory (1) that the basic property is thus subjected to taxation but once, and (2) that when on hand or on deposit merely it is, like the pound in the parable, 'laid up in a napkin,' inactive, nonproductive, and non-income yielding." 166 Tenn. at pages 455-456, 62 S. W. (2d) at page 50.

Furthermore, this statement from the opinion in *Hamilton Nat. Bank* v. *Chattanooga, supra,* supports this conclusion: "The discrimination between money on savings deposit and money loaned out, evidenced by note or other like instrument, may be justified on like principles as the discrimination between short-term paper and long-term paper discussed in *Shields* v. *Williams,* 159 Tenn. 349, 19 S. W. (2d) 261." 165 Tenn. at pages 285-286, 54 S. W. (2d) at page 944.

The decision in *Shields* v. *Williams, supra,* as it is discussed and approved in *Hamilton Nat. Bank* v. *Chattanooga, supra,* and *Hedges* v. *Shipp, supra,* is authority for holding that the certificate of deposit which matured less than six months from the date of its making, escapes taxation altogether.

■ It remains to say that in a case as close and doubtful as the present, we would be in any event, compelled to resolve a doubt between Code, Section 1123.2 et seq., and Code, Section 1355, Class 5, in favor of the taxpayer under well-recognized rules. *Doran* v. *Crenshaw,* 166 Tenn. 346, 61 S. W. (2d) 469; *Bank of Commerce & Trust Co.* v. *McCabe,* 164 Tenn. 591, 51 S. W. (2d) 850; *Memphis Street Ry.* v. *Crenshaw,* 165 Tenn. 536, 55 S. W. (2d) 758.

The decree of the Chancellor is affirmed, and the defendant will pay the costs out of County funds.

All concur.