Frederick A. MOTE and Florence B. Mote, Appellees,

v.

Martha B. OLSEN Commissioner of Revenue, Appellant.

Supreme Court of Tennessee.

April 18, 1983.

J. Robert Walker, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., and Reporter, Nashville, for appellant.

John C. Mooney, Jan Tore Hall and Martin L. Pierce, Stophel, Caldwell & Heggie, P.C., Chattanooga, for appellees.

## OPINION

COOPER, Justice.

This appeal concerns a tax assessment by the Commissioner of Revenue under T.C.A. § 67–2602, which was paid under protest. The statute levies a six percent income tax known as the Hall Income Tax, on "incomes derived by way of dividends from stocks or by way of interest on bonds." The income upon which the tax was assessed was paid to the plaintiffs as trustors under an agreement by which the Georgia Conference Association of Seventh-Day Adventists served as trustee. The commissioner views the trust agreement as a bond under T.C.A. § 67–2601 as to the cash portion of the trust and considers the return received by the plaintiffs pursuant to the agreement to be interest paid on the bond and subject to the tax set forth in T.C.A. § 67–2602.

The term bond (at all times relevant to this appeal) was defined in T.C.A. § 67–2601

to include all obligations issued by any person, firm, joint-stock company, business trust or corporation organized and doing business under the laws of this state, or any other state, evidenced by an instrument whereby the obligor is bound to pay interest to the obligee regardless of whether the obligor is doing business in this state, or whether the obligation under the terms of which the interest accrues is a mortgage or lien on property located in this state or beyond the jurisdiction thereof; provided that the word "bond" shall not include ordinary commercial paper, trade acceptance, etc., maturing in six (6) months or less from the date of issuance; provided further that the word "bond" shall not include certificates of deposit.

The trust agreement concerned provides that the trustee shall invest the trust funds in a manner "reasonably expected to earn not less than (5%) five percent per annum." The five percent return is to be paid to the trustors semi-annually and earnings in excess of five percent are retained by the trustee for use in its religious, educational, and charitable endeavors.

The duty imposed upon the trustee to earn the specified five percent rate of re-

turn, however, is not absolute. The trustee has the right to change the specified rate of return upon ninety days notice to the trustor. Moreover, the trustors retain an unqualified right to revoke the trust or withdraw any part of the trust property. Upon revocation, withdrawal or final distribution of trust assets the trust agreement provides that, notwithstanding any other provision to the contrary, "the trustee shall be accountable for a dollar amount equal to the then unwithdrawn amount of such principal cash, and not for any other assets resulting from the investment or reinvestment thereof." Since the trustee has no absolute duty to earn a certain return on the funds, the trustors have no absolute entitlement to interest under the agreement. Unless and until the trustee undertakes to invest the funds, it is under no obligation to pay the trustors any return on the trust funds and then only at the rate specified in the agreement, if any. The only recourse provided the trustors in the event of the trustee's failure to perform to their satisfaction is revocation or withdrawal, in which case the trustee is only accountable to them for the principal trust fund.

The trust agreement permits the trustee to commingle the funds in the plaintiffs' account with other funds and to invest and reinvest the funds as it sees fit. The funds in the plaintiffs' account are commingled with other funds in a Revocable Trust Agreements Fund. The funds are then advanced to an Investment Fund maintained by the trustee association in its corporate, non-trustee capacity on an open account basis. There is no note or written instrument evidencing the cash advances by the Revocable Trust Agreements Fund to the Investment Fund. Rather the Investment Fund is liable to the Trust Fund for the cash advanced and interest thereon, at a rate corresponding to the specified rate in the various individual trust agreements, on demand. The Investment Fund is liable for the interest on the cash advances irrespective of the actual rate of return earned by it through its investment of the funds.

In 1979 the plaintiffs' account was credited with $7,896.94 interest attributable to the cash portion of the trust. The Department of Revenue issued an assessment for taxes, penalty, and interest due on the interest so received. After paying the assessment under protest, the plaintiffs brought this action to recover that part of the assessment which is attributable to the income from the cash portion of the trust.[1]

The chancellor held that the interest at issue is not taxable under T.C.A. § 67–2602, finding the trust agreement to be expressly excepted from the definition of a "bond" in T.C.A. § 67–2601 as "ordinary commercial paper, trade acceptance, etc., maturing in six (6) months or less from the date of issuance." We agree that the interest received by the trustors is not taxable under T.C.A. § 67–2602, but prefer to predicate our holding on the ground that the underlying legal obligation from which the interest was derived is an open account demand obligation of the Investment Fund to the Revocable Trust Funds, and not the trust agreement itself.

In *Shields v. Williams,* 159 Tenn. 349, 19 S.W.2d 261, 268 (1929), we defined a bond, for Hall Income Tax purposes, as " 'any instrument in writing that legally binds a party to do a certain thing.' " The tax "is imposed upon income from all interest-bearing obligations maturing more than six months from the date of issuance." *Hamilton Nat. Bank v. McCanless,* 176 Tenn. 570, 144 S.W.2d 768, 769 (1940). *See also Templeton v. Bartlett,* 190 Tenn. 347, 229 S.W.2d 509, 510 (1950); *First Nat. Bank of Memphis v. McCanless,* 186 Tenn. 1, 207 S.W.2d 1007 (1948).

1. T.C.A. § 67–2629 authorizes the taxpayer to bring suit for the recovery of improperly collected taxes where the payment of the taxes was made under protest. The total amount assessed these plaintiffs and paid under protest was $577.47, which included interest and penalty. The stipulated facts indicate that the part of the assessment attributable to the cash portion of the trust account at issue here was $344.49.

In this case the trust agreement, which is the only written instrument involved, is not an interest bearing obligation. Under the trust agreement, the trustee is obligated to pay to the Motes interest on monies deposited in the trust only as income might actually be derived from investments of the funds by the trustee. The Motes could revoke the trust or withdraw all or part of their monies at any time and the trustee's liability is limited to "a dollar amount equal to the then unwithdrawn amount of such principal cash, and not for any assets resulting from the investment or reinvestment thereof." Where a trust agreement does not impose an absolute duty on the trustee to pay interest to the trustors, the trust agreement itself can not be classed an interest-bearing obligation or bond. It then becomes necessary to look to the underlying legal obligation by which the interest was derived in order to characterize the income for purposes of T.C.A. § 67–2602. *See Ross v. McCabe,* 166 Tenn. 314, 61 S.W.2d 479, 480 (1933), wherein it is pointed out that:

> The fact that the income is received through the medium of a trustee rather than direct from the obligor is immaterial.... Were it otherwise, a person with a large income from stocks and bonds could evade the tax by placing such securities in the hands of a foreign trustee.

The burden of proving that the income received is derived from obligations exempt from the Hall Income Tax is on the taxpayer. *Ross v. McCabe, supra,* 61 S.W.2d at 481.

In this case, the taxpayer met that burden by showing that the operative obligation—the one that produced the interest channelled through the trust to the Motes—was an open account demand obligation of the Investment Fund to the Revocable Trust Agreements Fund which was not "evidenced by an instrument," as bond is defined in T.C.A. § 67–2601. We thus need not consider whether the Motes proved that the obligation falls within the statutory exemption as "ordinary commercial paper, trade acceptance, etc., maturing in six (6) months or less from the date of issuance;" as found by the chancellor.

The decree of the chancellor is affirmed. Costs incident to the appeal are adjudged against the State of Tennessee.

FONES, C.J., and BROCK, HARBISON, and DROWOTA, JJ., concur.