Vernon C. Buckley, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued February 1, 1984, before Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Vernon C. Buckley,* petitioner, for himself.

*Robert P. Coyne,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE COLINS, April 13, 1984:

Vernon C. Buckley has filed a Petition for Review of an Order of the Board of Finance and Revenue, sustaining an assessment by the Department of Revenue of Seven Hundred Forty-Three Dollars and Fifty-Eight Cents ($743.58), for the unpaid tax, plus interest, and a five percent (5%) underpayment penalty for the 1978 taxable year.

The parties have filed a Stipulation of Facts from which we have culled the following as our findings:

(1) Vernon C. Buckley (Taxpayer) has been a resident of New Jersey since 1959. During the year at issue, the taxpayer resided at 309 Georgian Drive, Cinnaminson, New Jersey.

(2) Taxpayer is a self-employed osteopathic physician and surgeon with offices at 4256 Castor Avenue, Philadelphia, Pennsylvania.

(3) Taxpayer has timely filed and paid the Pennsylvania personal income tax every year from the inception of the Tax Reform Code of 1971, until the implementation of the "Reciprocal Personal Tax Agreement" (Agreement), executed between the Commonwealth of Pennsylvania and the State of New Jersey.

(4) Taxpayer had a net profit of Thirty-three Thousand, Seven Hundred Ninety-Eight Dollars and Ninety-One Cents ($33,798.91), in connection with the practice of his profession in the City of Philadelphia, Pennsylvania  However, taxpayer feels that he is no longer required to pay Pennsylvania personal income tax because of the signing of the Agreement.

(5) On April 17, 1978 taxpayer sent a Statement of Non-Residence in Pennsylvania to the Pennsylvania Department of Revenue, Personal Income Tax Bureau, Harrisburg, Pennsylvania 19129.

(6) On May 8, 1978 taxpayer received a reply from the Pennsylvania Department of Revenue which stated that he must file a Pennsylvania Personal Income Tax Return.

(7) For the year in question, the taxpayer filed a Pennsylvania Personal Income Tax Return, but did not pay the tax stating that since he was a New Jersey resident, he was exempt from the tax.

(8) The Department of Revenue issued an assessment against taxpayer.

(9) Thereafter, the taxpayer filed a Petition for Review to the Board of Appeals. That Board, by Decision and Order dated August 12, 1980, denied taxpayer relief.

(10) Taxpayer filed a Petition for Review with the Board of Finance and Revenue.

(11) That Board, by Order dated January 13, 1981, refused relief to the taxpayer and sustained the action taken by the Department of Revenue.

(12) Pursuant to Section 356(a) of the Tax Reform Code of 1971, the Commonwealth of Pennsylvania and the State of New Jersey entered into a "Reciprocal Personal Income Tax Agreement" which became effective for taxable years beginning after December 31, 1977.

Section 356(b)[1], which is based upon Article VIII, Section 3 of the Pennsylvania Constitution[2], provides that:

(b) The department may enter into an agreement with the taxing authorities of any state which imposes a tax on or measured by income to provide that compensation paid in such state to residents of this Commonwealth shall be exempt from such tax; in such case any compensation paid in this state to residents of such state shall be exempt from Pennsylvania personal income tax. The department, in such

---

[1] Section 356(b) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7356(b).

[2] Pa. Const. art. VIII, §3, entitled reciprocal exemptions states that "[t]axation laws may grant exemptions or rebates to residents, or estates of residents, of other states which grant similar exemptions or rebates to residents or estates of residents, of Pennsylvnaia."

agreements, may provide for reciprocal withholding, employer liability, exchange of information and all other matters relating to cooperation between the states.[3]

The taxpayer first argues that he is exempt from the Pennsylvania personal income tax.

In our opinion, the facts do not support this contention.

Section 356(b) only authorizes the reciprocal exempting from tax for income received in the form of compensation. The term compensation is defined as:[4]

[a]ll salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips, and similar remuneration for services rendered whether directly or through an agent and whether in cash or in property except income derived from the United States Government for active duty outside the Commonwealth of Pennsylvania as a member of its armed forces.

The taxpayer, in the instant case, is not an employee who receives a salary or wage,[5] but is a self-employed physician who received profits from an un-

---

[3] The Commonwealth of Pennsylvania and the State of New Jersey, pursuant to Section 356(a) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7356(a) and Section 54.A9-17(e) of the New Jersey Gross Income Tax Act, N.J. Stat. Ann. §54A:9-17(e) (West 1983), entered into a Reciprocal Personal Income Tax Agreement (Agreement).

New Jersey and Pennsylvania have entered into an Agreement to facilitate the collection of revenues and to have a convenient and efficient method of reporting compensation subject to withholding. The purpose of reciprocity provisions is to avoid the taxation of a person's income by more than one side. *Clement v. Stone*, 195 Miss. 770, 13 So.2d 647 (1943).

[4] 72 P.S. §7301(a)(1).

[5] The taxpayer did not file a W-2 Form.

incorporated business. His income, therefore, clearly falls within the definition of net profits.[6]

Since the Tax Reform Code of 1971 imposes a tax on all income which is in the form of net profits, the taxpayer must pay the owing tax.[7] The Reciprocal Agreement[8] between Pennsylvania and New Jersey[9] did not intend to exempt net profits from being taxed.

---

[6] 72 P.S. §7303(a)(1) defines net profits as:

The net income from the operation of a business, profession, or other activity, after provisions for all costs and expenses incurred in the conduct thereof, determined either on a cash or actual basis, in accordance with accepted accounting principles and practices but without deduction of taxes based on income.

[7] Section 1928(b)(5) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1928(b)(5) provides that provisions exempting persons and property from taxation shall be strictly construed. If we strictly construe the exemption here, the taxpayer does not fall within it.

[8] Nothing in this agreement shall be interpreted to exempt a resident in Pennsylvania or New Jersey who has taxable income in the Commonwealth or State of non-residence other than in the form of compensation from liability for payment of income or filing an income tax return with regard to such other taxable income.

There is no evidence on the record that the taxpayer paid any tax on his net profits income in New Jersey. Clearly, it was not the intent of the taxing authorities that a taxpayer be totally exempt from any tax on this income.

[9] *Supra,* note 3.

An employer, upon receiving a properly filled out certificate of non-residence from his employee, can withhold income tax at the rate established by the state of residency and remit these monies directly to the state of residence. The non-resident employee, who had only compensation income, would therefore not have to file a non-resident tax return with the withholding state and then file a resident tax return to take a credit for the taxes paid to the state of non-residence.

However, New Jersey residents who derive compensation in Philadelphia are still subject to the Philadelphia Wage Tax. The Pennsylvania employer may apply this tax against the New Jersey Gross Income Taxes which would otherwise be required to be withheld.

Pennsylvania may constitutionally impose a tax on non-residents' income which is earned within the State. *See Shaffer v. Carter*, 252 U.S. 37 (1920).

The taxpayer next argues that his constitutional rights to the equal protection of the law have been violated.

This argument is equally without merit. The instant case does not present a situation where a taxpayer in one class is treated in a manner different from a taxpayer in the same class.[10] Here, all non-resident taxpayers who do not receive income in the form of compensation are treated uniformly.[11]

"It is true that the challengers of the constitutionality of state or local taxation bear a heavy burden in their efforts to overturn such legislation." *Amidon v. Kane*, 444 Pa. 38, 51, 279 A.2d 53, 60 (1971).

In *Dole v. Philadelphia*, 337 Pa. 375, 11 A.2d 163 (1940), our Supreme Court stated that:

[A classification] may properly be made according to reasonable, just and practical rules, drawn from experience, and must rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed. "If the selection is neither capricious nor arbitrary, and rests upon some reasonable consideration of differ-

With respect to income taxed within Pennsylvania, and not subject to any exemption, a taxpayer is entitled to a credit on his New Jersey personal income tax return for the income taxes paid to Pennsylvania. N.J. Stat. Ann. §54A:4-1 (West 1983).

[10] Pa. Const. art. VIII, §1, provides that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax . . . ."

[11] Conversely, if a resident of Pennsylvania were engaged in the practice of medicine in New Jersey, as an unincorporated business, the taxing authority would impose a personal income tax on the net profits received in New Jersey. N.J. Stat. Ann. §§54A:2-1, 54A:5-1(b), 54A:58 (West 1983).

ence or policy, there is no denial of the equal protection of the law. ..."

All that our Constitution requires is that taxes shall be uniform upon the same class of subjects. Therefore, if the classification above referred to is sound, the tax imposed by the ordinance before us is uniform if it falls equally upon all members within each class. (Citations omitted.)

*Id.* at 381, 11 A.2d at 166.

The exemption solely for income in the form of compensation is reasonable, and is not capricious nor arbitrary. The purpose of the statute was to foster comity and cooperation in the creation of an orderly, convenient and uncomplicated method of collecting and reporting personal income tax without monies. Also, as discussed previously, it is uniform upon the same class of subjects.

Lastly, the taxpayer contends that because Pennsylvania and New Jersey did not obtain the consent of Congress, the Reciprocal Agreement violates the Compact Clause, Article I, Section 10 of the United States Constitution.[12]

In *U.S. Steel Corp. v. Multi-State Tax Commission,* 434 U.S. 452 (1978), twenty-one (21) states[13] entered into a Multistate Tax Compact without obtaining congressional approval. The United States Supreme Court held that no violation of the Compact Clause had occurred. The Court stated that: "[r]ead literally, the Compact clause would require the states to

---

[12] U.S. Const. art. I, §10, provides that "[n]o state shall without the consent of Congress . . . enter into any Agreement or Compact with another state . . . ."

[13] By the inception of this litigation, 21 states had entered into this Tax Compact; however, after the suit began, four states withdrew from the Compact.

obtain congressional approval before entering into any agreement among themselves, irrespective of form, subject, duration, or interest to the United States." *Id.* at 459.

> The terms "agreement" or "compact" taken by themselves are sufficiently comprehensive to embrace all forms of stipulation, written or verbal, and relating to all kinds of subjects; to those to which the United States can have no objection or have any interest in interfering with, as well as to those which may tend to increase and build up the political influence of the contracting States, so as to encroach upon or impair the supremacy of the United States or interfere with their rightful management of particular subjects placed under their entire control.

*U.S. Steel Corp.*, 434 U.S. at 467.

The Court held that "[o]n its face, the Multi-state Tax Compact contains no provisions that would enhance the political power of the member states in a way that encroaches upon the supremacy of the United States." *Id.* at 472. Also, the Court found that "[t]his pact does not purport to authorize the member states to exercise any powers they could not exercise in its absence." *U.S. Steel Corp.*, 434 U.S. at 472.

The Reciprocal Agreement, in the case at bar, does not tend to increase and build up the political influence of the states' power at the expense of the federal government. Nor does it permit either state to exercise any powers they could not exercise in its absence, but merely facilitates comity and cooperation between the states. *See Bode v. Barrett,* 344 U.S. 583 (1953).[14]

---

[14] In *Bode*, the Court held that a reciprocal arrangement which exempted the residents of one state from payment of a license tax imposed by the other state, did not violate the Compact Clause.

Accordingly, the Order of the Board of Finance and Revenue is affirmed. Judgment is entered against the taxpayer for taxes due, plus appropriate interest and costs.

ORDER

Now, April 13, 1984, the Order of the Board of Finance and Revenue at No. RPIT-2589, dated January 16, 1981, is affirmed. Judgment is entered against the taxpayer for taxes due, plus appropriate interest and costs.