**GOULD, INC., CENTURY ELECTRIC DIVISION, Appellant,**

v.

**Mary C. BARNES, Appellee.**

Supreme Court of Tennessee.

May 21, 1973.

James D. Senter, III, Senter & Senter, Humboldt, for appellant.

George L. Morrison, Jackson, for appellee.

## OPINION

CHATTIN, Justice.

This action is an application under T.C.A. Section 50–1025(b) of the Workmen's Compensation Act for the modification of periodical compensation benefits previously awarded to appellee.

The original award for workmen's compensation benefits of $47.00 per week for three hundred weeks was entered in the Chancery Court of Madison County on March 16, 1970.

This suit was filed in the law and equity court of Gibson County on October 20, 1972.

Appellee filed a motion to dismiss as follows:

"The complaint on its face shows that this Honorable Court has no jurisdiction of the matter because this is not the Court that made the award based on the findings that the defendant, Mary C. Barnes, was 75% permanently partially disabled to each of her hands. The Court making the award, the Chancery

Court of Madison County, Tennessee, retains jurisdiction of the cause and any petition filed relative to the extent of the disability of the defendant must be filed in the Chancery Court of Madison County, Tennessee."

The trial judge sustained the motion and dismissed the suit.

Appellant has perfected an appeal to this Court and has assigned as error the action of the trial judge in sustaining the motion to dismiss.

Counsel for appellant insists that T.C.A. Section 50–1025(b) makes Gibson County the proper venue for this suit.

T.C.A. Section 50–1025(b) provides:

"If the parties cannot agree, then at any time after six (6) months from the date of the award an application may be made to the courts by either party, on the ground of increase or decrease of incapacity due solely to the injury. In such cases the same procedure shall be followed as in § 50–1018 in case of disputed claim for compensation."

Counsel for appellant argues as follows:

"It is specifically stated in T.C.A. Section 50–1025 that in such applications for modification 'the same procedure shall be followed as in T.C.A. Section 50–1018 in case of disputed claim for compensation.' Therefore, whatever would be the proper county to bring an original compensation suit under T.C.A. Section 50–1018, would be the proper county to bring an application for modification under T.C.A. Section 50–1025."

Counsel further contends the proper venue for the original suit was Gibson County; and that, therefore, T.C.A. Section 50–1025 requires this suit for modification of the decree of the Chancery Court of Madison County be brought in Gibson County.

Counsel supports his conclusion that Gibson County was the proper venue by reference to numerous facts not contained in the record which consists only of the complaint and the motion to dismiss.

In substance, appellant's argument is although appellant waived the question of venue in the original suit but having raised it in the present suit for modification the trial judge must make a determination as to the correct venue in the original suit; and that the trial judge's finding as to the proper venue for the original suit is the proper venue for the modification suit although the proper venue as found by the trial judge differs from the actual venue in which the original suit was tried.

Assuming arguendo that the foregoing reasoning is correct and the phrase "the same procedure shall be followed" requires not only the same trial and appellate procedure but also the proper venue or county of the original suit, appellant's position cannot be sustained. Such argument presumes the court properly had before it sufficient facts upon which to make the correct determination in regard to the proper venue in the original suit.

Counsel for appellant stated facts necessary for the trial judge and this Court to make a correct determination as to the proper venue of the original suit in his briefs filed in the respective courts.

■ However, the trial judge and this Court can only look to the record which consists of the complaint and motion to dismiss. From the facts as contained in these pleadings it is impossible to determine where the proper venue for the original suit was. Since there are no facts to the contrary, we must presume the original suit was properly filed in Madison County.

Obviously, appellant waived the question of venue in the original compensation suit. However, appellant argues that any question of waiver of venue in the original suit is irrelevant in this suit. If the modification suit and the original compensation suit were separate and distinct suits, appellant's argument would be sound. But the modi-

fication suit is not a new suit. It is merely a continuation of the original suit by petition for a reopening and modificaton of the original judgment.

■ Since the suit filed pursuant to T.C.A. Section 50–1025 is a continuation of the original compensation suit, this Court must conclude the waiver of the question of venue in the original suit likewise waives the question of venue in the modification suit.

■ Regardless of the foregoing reasoning and conclusions, we are of the opinion authority exists for holding that a modification suit must be filed in the same court which heard the original compensation suit.

"* * * while the award in a compensation case was subject to modification under the statute (Code Section 6892) (now T.C.A. Section 50–1025) application therefor must be made while the jurisdiction of the Court over the case continues, and that this jurisdiction no longer exists when and after all periodic or other payments provided for in the original award have been made and the judgment has been fully discharged." Nelson v. Cambria Coal Co., 178 Tenn. 389, 158 S.W.2d 717, 160 S.W.2d 412 (1942); American Snuff Co. v. Holms, 201 Tenn. 622, 301 S.W.2d 348 (1957).

The above is not only authority for the proposition that petitions filed pursuant to T.C.A. Section 50–1025 cannot be considered after discharge of the final judgment it is authority for the proposition the court wherein the original petition is filed retains jurisdiction over the case until final discharge.

Thus, as long as the court where the original suit was filed retains jurisdiction another court is precluded from assuming jurisdiction. Consequently, jurisdiction to hear this suit remains in the Chancery Court of Madison County. The same trial procedure as used in the original compensation suit must be followed.

The judgment of the trial court is affirmed. Appellant will pay the costs.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and WILSON, Special Justice, concur.

HUMPHREYS, Justice (concurring).

I agree that the Gibson County Law and Equity Court did not have jurisdiction of this suit to modify the Workmen's Compensation judgment rendered by the Madison County Chancery Court. I should like to state my reasons for concurring.

Gould's petition was based on its construction of § 50–1025(b) T.C.A. that it could bring a suit in any county in which it originally could have filed a petition under the Workmen's Compensation Act. This contention is based on the statute's words underscored, as follows:

"If the parties cannot agree, then at any time after six (6) months from the date of the award an application may be made to the courts by either party, on the ground of increase or decrease of incapacity due solely to the injury. *In such cases the same procedure shall be followed as in § 50–1018 in case of disputed claim for compensation.*"

Gould's argument is that inasmuch as under the "same procedure" the suit could originally have been brought in Gibson County, the suit to modify could be brought there. This is a plausible construction of the statute and one which Gould could feel warranted in making in view of these factors. 1. The statute has never been construed by this Court with this proposition in mind. 2. The preferred jurisdiction in the original suit would have been Gibson County, not Madison County. 3. The statute provision is quite broad, possibly broad enough to encompass this proposition, (if anything other than a judgment

had been involved). In spite of these arguments, I concur with the majority that the statute does not permit a suit to modify an award in other than the court of original jurisdiction.

The statute does four things. First, it fixes the earliest date suit to modify can be brought: six months. Second, it prescribes who may bring suit: either party. Third, the grounds: to increase or diminish the award. Fourth, the procedure to be followed: as in other suits.

The statute does not mention jurisdiction, and it must be concluded that that the bare mention of the procedure for the enforcement of a right ought not be expanded into a conferral of jurisdiction to modify the judgment of a coequal court in view of the rule against coequal courts exercising such jurisdiction.

In the leading authority, Freeman, Judgments, is the following:

"§ 210. *Power Limited to Court Rendering Judgment.*—The very nature of the power here under discussion and the manner in which it must ordinarily be exercised limit it to the court which rendered the judgment. Disregarding any supervisory or appellate powers of review or control, which are not here under consideration, one court, whether of co-ordinate or of superior jurisdiction, has no authority to open, set aside or vacate the judgments of another court, except as it may be given by some statute. Such relief must be sought in the court whose judgment is attacked. The statutes prescribing the grounds and conditions on which judgments may be vacated ordinarily by their terms contemplate proceedings only in the court rendering the judgment. Hence a circuit court has no jurisdiction to set aside a judgment of the county court on the statutory ground of fraud."

Another authority states the general rule, thus:

"The power to open, modify, or vacate a judgment is not only possessed by, but is restricted to, the court in which the judgment was rendered. It is regarded as an elementary principle of high importance in the administration of justice that the judgment of a court of competent jurisdiction may not be opened, modified, or vacated by any court of concurrent jurisdiction." 46 Am.Jur.2d, p. 832 § 681

The policy and purpose of this rule, which is to avoid internecine struggles between courts which would ultimately destroy the enduring value of judgments, if not the very courts themselves, make the rule so valuable and so necessary, that nothing should ever be done to infringe upon it, and I do not think the statute does so infringe, I would affirm.