### 61443. LESTER WITTE & COMPANY v. PATE.

QUILLIAN, Chief Judge.

Plaintiff, Wallace D. Pate, filed a complaint against Lester Witte & Company seeking recovery of $16,515.24, allegedly due plaintiff in connection with his services while a partner in the Witte firm. Pate had merged his public accounting business with that of Witte on September 1, 1975 — becoming a partner in Witte's multi-state accounting practice. He remained a partner for one year and terminated his relationship August 31, 1976. The partnership agreement stated, in pertinent part: "Pate's initial income share shall be at an annual rate of $45,000.00 which shall include partner's first level distribution and interest on his capital account. He shall receive $2,700.00 per month at the same time as the other partners. The initial annual income share of $45,000.00 assumes that fees earned and subsequently collected from clients introduced to the Firm by him for the twelve months ending August 31, 1976 shall not be less than $100,000.00. It also assumes that Pate shall have no less than 800 chargeable hours for the twelve months ending August 31, 1976. In the event such fees are less than $100,000.00 and/or the chargeable hour requirement is not met, then his income for this and subsequent years shall be subject to reconsideration by the parties to this agreement in light of the then known factors."

Translated, this agreement means that Pate's salary for the first year would be $45,000 — provided he met two criteria: (1) he must have more than 800 chargeable hours of work against the firm's clients, and (2) he must have billed those clients not less than $100,000 which was "subsequently collected." It is not contested that

Pate had more than 800 chargeable hours. It is also admitted that he billed the firm's clients for more than $100,000 during the year he was associated with Witte. The only disagreement is whether more than $100,000 was collected.

The issue was tried before the judge alone and he found as a fact that the only factual dispute was "whether or not the fees earned and subsequently collected" amounted to $100,000. However, he found it unnecessary to resolve the issue as "the language of paragraph four [of the contract — cited above] . . . is clear and unambiguous" and provides for reconsideration of the salary by the parties but "does not provide for any reduction of salary or other adjustment to plaintiff's capital account, but only that the parties shall be entitled to reconsider." Thus, he concluded "that the intent of the parties was that, in the event the plaintiff's performance did not meet the anticipated goals, they would reconsider the relationship at the end of twelve months and mutually agree, at that time, on an amendment to the Partnership Agreement." The court awarded Pate the remainder of his "contractual salary of $45,000.00." Witte brings this appeal. *Held:*

Defendant asserts the general grounds as error. We agree, and reverse. The contract provided that Pate's initial salary would be $45,000 if he met two goals: (1) he had not less than 800 chargeable hours of work, and (2) he "collected" such charges in an amount not less than $100,000. Only if he met these criteria would he be entitled to the full salary amount. If either "requirement is not met then his income *for this* and subsequent years shall be subject to reconsideration by the parties to this agreement in light of the then known factors." "Reconsider" means "to consider again; to review with care, especially with a view to a reversal of previous action; to think or consider the matter over again for the purposes of passing on the matter on such second consideration." 76 CJS 105.

We cannot agree with the trial court that Pate's salary for his first year was not subject "to reconsideration" if either "requirement is not met . . ." If the parties had not intended for "this" first year to be included within the "reconsideration" of salary amount they would not have included it in the contract. If the "initial income" was not to be included in the recomputation the contract would have provided only for "subsequent years" to be "subject to reconsideration" rather than "this and subsequent years shall be subject to reconsideration . . ." Secondly, we do not agree that the agreement "does not provide for any reduction of salary or other adjustment to plaintiff's capital account, but only that the parties shall be entitled to reconsider." Pate's capital account included the remainder of his salary not paid to him in monthly increments of $2,700, e.g. the difference between the

total amount received and his "initial annual income." Thus, if Pate had drawn $2,700 times 12 ($32,400), and had met all the criteria, he would be entitled to $45,000 minus $32,400 — $12,600, and any reconsideration of "annual salary" in light of his total collections would necessarily adjust his "annual salary" — otherwise, if the "annual salary" is never to be changed why have such a provision? We find the expressed intent to be clear that if Pate's performance at the end of the first year did not meet the minimum criteria that both parties agreed that they would reconsider the amount of the "annual income" — i.e. $45,000 — and it would be adjusted to a mutually agreeable figure. We need not now determine whether this is an enforceable provision for there is no fact in the court's findings on this issue. If Pate's performance did meet the minimum criteria, he would have been entitled to the full amount and this issue would not arise. Accordingly, judgment will be reversed and the action remanded with direction that the trial judge enter appropriate findings of fact and conclusions of law — to include a finding upon whether Pate's performance met the criteria of the agreement, and then enter a new judgment. Thereafter, the losing party may enter an appeal, if desired.

Plaintiff's motion for damages for delay is denied.

*Judgment reversed with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1981.

*Donald D. Smith,* for appellant.
*William C. Haddon,* for appellee.