## Lloyd FREEMAN

v.

## MARCO TRANSPORTATION CO., et al.

Supreme Court of Tennessee,
at Knoxville.

Sept. 18, 2000.

---

Sidney W. Gilreath and W.R. Baker, of Knoxville, TN, for appellant, Lloyd Freeman.

James T. Shea IV, of Knoxville, TN, for appellees, Marco Transportation Company and Liberty Mutual Insurance Company.

## OPINION

HOLDER, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA, and BIRCH, JJ., joined.

We granted this appeal to determine whether an action filed pursuant to Tenn. Code Ann § 50–6–241(a)(2) requesting reconsideration of a workers' compensation award must be filed in the court in which the original workers' compensation claim was decided. We hold that a request for reconsideration must be filed in the court that originally exercised jurisdiction over the workers' compensation claim.

On February 12, 1996, the chancery court of Knox County approved the settlement of a workers' compensation claim of Lloyd Freeman (Freeman) against Marco Transportation Company and Liberty Mutual Insurance Company (defendants). In February 1997, Freeman filed a complaint seeking additional workers' compensation

benefits pursuant to Tenn.Code Ann. § 50–6–241(a)(2).[1] The new complaint was filed in the circuit court of Knox County. The circuit court awarded an additional $43,332.80 in workers' compensation benefits.

The defendants appealed, contending that Freeman was required to file his § 241(a)(2) action in the chancery court of Knox County, the court that had approved the original settlement. A majority of the Special Workers' Compensation Appeals Panel agreed that the action was improperly filed in the circuit court and dismissed the suit. The majority stated, however, that "[n]othing herein should be construed to prevent the plaintiff from pursuing his claim in the court which approved the original settlement." We granted review.

## ANALYSIS

Tennessee Code Ann § 50–6–241(a)(2) provides, in pertinent part:

> In accordance with this section, the courts *may reconsider* upon the filing of a new cause of action the issue of industrial disability. Such *reconsideration* shall examine all pertinent factors, including lay and expert testimony, employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's disabled condition. *Such reconsideration* may be made in appropriate cases where the employee is no longer employed by the pre-injury employer and makes application *to the appropriate court* within one (1) year of the employee's loss of employment, ....

*Id.* (emphasis added).

Freeman properly filed a new cause of action requesting a reconsideration of the previous settlement. The new cause of action was filed in a circuit court and not in the chancery court that had approved the settlement. The plaintiff contends

that the phrase "the appropriate court" means any court that could properly exercise jurisdiction over the "new cause of action." The filing of a workers' compensation suit is governed generally by Tenn. Code Ann. § 50–6–225. Tennessee Code Ann. § 50–6–225(c)(1) provides that a petition may be filed in "either the circuit, criminal or chancery court of the county in which the petitioner resides or in which the alleged accident happens."

■ The defendants contend that the phrase "the appropriate court" suggests that there is but one appropriate court—the court originally approving the settlement. Moreover, the term "reconsideration" suggests that a court is reconsidering its own previously entered order. The defendants point to a similar issue decided under a different statute, Tenn.Code Ann. § 50–6–231, and argue that we should rely upon *Gould, Inc. v. Barnes*, 498 S.W.2d 623 (Tenn.1973), to conclude that the original chancery court was the proper court in which to file this action.

■ Issues of statutory construction are questions of law and shall be reviewed de novo without a presumption of correctness. *See Beare Co. v. Tennessee Dep't of Revenue*, 858 S.W.2d 906, 907 (Tenn.1993). This Court's role in statutory interpretation is to ascertain and to effectuate the legislature's intent. *See State v. Sliger*, 846 S.W.2d 262, 263 (Tenn.1993). Generally, legislative intent shall be derived from the plain and ordinary meaning of the statutory language when a statute's language is unambiguous. *See Carson Creek Vacation Resorts, Inc. v. Department of Revenue*, 865 S.W.2d 1, 2 (Tenn.1993). If a statute's language is expressed in a manner devoid of ambiguity, courts are not at liberty to depart from the statute's words. *See Id.* Accordingly, courts are restricted to the "natural and ordinary" meaning of a

---

1. The original order does not state the amount of vocational disability represented by the settlement. There is no dispute, however, that the original settlement was less than two

and one-half times Freeman's medical impairment rating as set forth in Tenn.Code Ann. § 50–6–241(a)(1).

statute unless an ambiguity necessitates resorting elsewhere to ascertain legislative intent. *Austin v. Memphis Publ'g Co.,* 655 S.W.2d 146, 149 (Tenn.1983).

■ The statute employs the terms "reconsider" and "reconsideration." "Reconsider" means "to consider again," especially "with intent to modify an earlier decision." *Webster's II New College Dictionary* 927 (1995). *Black's Law Dictionary* states that "reconsideration" implies "a different decision by the entity which initially decided it." *Black's Law Dictionary* 1272 (6th ed.1990); *cf. Lester Witte & Co. v. Pate,* 158 Ga.App. 204, 279 S.E.2d 501, 502 (1981) ("reconsider" means "to consider again; to review with care, especially with a view to a reversal of previous action."). We find the language of Tenn.Code Ann. § 50–6–241 to be unambiguous. By employing the term "reconsider," it is evident that the legislature regarded a request for reconsideration brought pursuant to Tenn.Code Ann. § 50–6–241(a)(2) as a continuation of the original workers' compensation claim. Furthermore, as the defendant points out, the statutory language "application *to the appropriate court*" clearly indicates there is but one court in which the motion is appropriate—the court that originally heard the settlement. *See* 82 Am.Jur.2d *Workers' Compensation* § 651 (1992) (the court having jurisdiction to secure compensation is usually empowered to reopen or modify its awards); 101 C.J.S. *Workmen's Compensation* § 855 (1958) ("a proceeding to modify an award is not a new proceeding, but is one based on the jurisdiction of the . . . court acquired in the original proceeding."); *see also* 49 C.J.S. *Judgments* § 278 (1997). Thus, we conclude that a motion for reconsideration brought pursuant to Tenn.Code Ann. § 50–6–241(a)(2) must be filed in the same court that exercised jurisdiction over the original workers' compensation claim.

This holding as to Tenn.Code Ann. § 50–6–241(a)(2) is consistent with this Court's approach regarding modification of workers' compensation benefits under Tenn.Code Ann. § 50–6–231 (formerly Tenn.Code Ann. 50–1025(b)). Section 231(2) provides as follows:

> If the parties cannot agree, then at any time after six (6) months from the date of the award an application may be made to the courts by either party, on the ground of increase or decrease of incapacity due solely to the injury. In such cases, the same procedure shall be followed as in § 50–6–225 in case of a disputed claim for compensation.

In *Gould,* this Court construed Tenn.Code Ann. § 50–1025(b). We held that the modification suit filed in Gibson County was a continuation of the original compensation suit "by petition for a reopening and modification of the original judgment" filed in Madison County. *Gould,* 498 S.W.2d at 625. Accordingly, we held that the second action should have been filed in Madison County and affirmed the dismissal of the suit. *See id.* As the concurring opinion points out, such a rule seeks to avoid "struggles between courts which would ultimately destroy the enduring value of judgments." *Id.* at 626 (Humphreys, J., concurring).

■ Accordingly, we dismiss Freeman's complaint which was filed in Knox County circuit court. We next consider the effect of the dismissal of the circuit court action.

■ Tennessee Code Annotated § 28–1–105(a) (1999), the savings statute, states:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may . . . commence a new action within one (1) year after the reversal or arrest. . . .

Tennessee law strongly favors the resolution of all disputes on their merits, and the savings statute is to be given a broad and liberal construction in order to achieve this goal. *See Henley v. Cobb,* 916 S.W.2d 915,

916 (Tenn.1996). The savings statute has been held to apply to a timely filed case that was dismissed for lack of jurisdiction and then refiled in the appropriate court within one year of the dismissal. *See Burns v. People's Tel. & Tel. Co.,* 161 Tenn. 382, 33 S.W.2d 76 (1930) (timely filed suit dismissed for lack of jurisdiction by chancery court of Knox County and refiled in circuit court of Knox County). In this case, the appeals panel dismissed Freeman's request for reconsideration. Because the dismissal was appealed to this Court, the final disposition of this issue will not occur until this Court enters its judgment. *See McBurney v. Aldrich,* 816 S.W.2d 30, 34 (Tenn.Ct.App.1991) ("It is generally agreed that a judgment is not final and res judicata where an appeal is pending.").

We agree with the panel that a dismissal would not bar Freeman from refiling his complaint in the chancery court that approved the settlement. Accordingly, the complaint for reconsideration is dismissed without prejudice, and Freeman may refile his request for reconsideration within one year of the date of judgment in this case.

## CONCLUSION

We hold that a request for reconsideration brought pursuant to Tenn.Code Ann. § 50–6–241(a)(2) must be filed in the same court that exercised jurisdiction over the original workers' compensation claim. The savings statute applies to permit Freeman to refile his request for reconsideration within twelve months of the entry of judgment of this Court.

BARKER, J., not participating.