**FILED**
**May 05, 2025**
**09:51 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **JAMES RICE,** | ) | **Docket No. 2021-06-0660** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No. 36971-2019** |
| **VANDERBILT UNIVERSITY** | ) | |
| **MEDICAL CENTER,** | ) | |
| **Employer.** | ) | **Judge Joshua D. Baker** |

## AMENDED COMPENSATION ORDER[1]

At an April 24, 2025 compensation hearing, the parties agreed on this claim's facts and applicable law but not on a remedy. In his testimony, Mr. Rice suggested a $200,000 award of permanent partial disability benefits as fair compensation.

Yet, the remedy here is limited by a statute, requiring application of a specific formula. Because the Court cannot deviate from that, Mr. Rice is awarded 12% permanent partial disability benefits and future lifetime medical benefits for any reasonable and medically necessary treatment for his workplace injury with Drs. Byron Stephens and Donald Lee.

## History of Claim

In this accepted claim, Mr. Rice injured his neck and left arm when lifting and tossing a heavy bag of trash while working for Vanderbilt University Medical Center. Vanderbilt authorized treatment with two panel physicians, Dr. Byron Stephens and Dr. Donald Lee, who surgically repaired Mr. Rice's injuries.

---

[1] On a motion from the employee's attorney, The Court issued this amended order to correct an error in the amount of that attorney's fee. There are no other changes, The Court withdraws the initial order and substitutes this amended order. All appellate deadlines shall begin from the date the Court issued this amended order.

1

The authorized physicians' combined impairment ratings totaled 3% whole-body impairment. Mr. Rice received a 2% impairment rating from Dr. Lee for his elbow injury, and Dr. Stephens assigned a 1% impairment rating for his neck injury.

However, the parties' own experts both assessed markedly increased impairment ratings for the neck injury. Dr. Robert Landsberg, who was Mr. Rice's expert, assessed a 15% whole-body impairment, apportioning 12% for the neck injury and 3% for the left elbow. Vanderbilt's expert, Dr. Tarek Elalayli, assigned a 7% impairment rating for the neck injury without rating the elbow.

Given the disparity in ratings, the parties used the Medical Impairment Rating (MIR) Registry. The MIR Registry physician, Dr. Jeffrey Hazlewood, assigned Mr. Rice an 11% impairment rating for his neck and a 1% impairment rating for his elbow, totaling 12% whole-body impairment.

Among other things, the parties agreed to the admissibility of the doctors' reports, that Mr. Rice returned to work at Vanderbilt making the same or greater pay, that his compensation rate is $407.44, and that Vanderbilt overpaid temporary total disability benefits by $1,178.75.

In his testimony, Mr. Rice explained what he has lost and suggested a $200,000 award as fair compensation. He testified his injuries have permanently altered his ability to perform daily activities and that pain often disrupts his sleep. Although Vanderbilt accommodated his permanent restrictions, he fears reinjury given his decreased functional ability.

**Findings of Fact and Conclusions of Law**

Mr. Rice must prove by a preponderance of the evidence that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024). He seeks permanent partial disability benefits and future medical treatment.

An award of permanent partial disability "*shall* be determined by multiplying the employee's impairment rating by four hundred fifty (450) weeks[,]" which is called an "original award." *Id.* at -207(3)(A) (Emphasis added). Notably, when "a statute's language is expressed in a manner devoid of ambiguity, courts are not at liberty to depart from the statute's words." *Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 911 (Tenn. 2000).

Even though Mr. Rice believes application of the statute's formula yields an unfair result, the Court is "not at liberty to depart" from the statute and must apply the formula as directed to calculate his original award of permanent partial disability benefits.

Further, Dr. Hazlewood's impairment rating as the Registry physician is presumed accurate unless rebutted by clear and convincing evidence, meaning "if no evidence . . . raises a serious and substantial doubt about the evaluation's correctness, [then] the MIRR evaluation is the accurate impairment rating." *Mansell v. Bridgestone Firestone North American Tire*, 417 S.W.3d 393, 411 (Tenn. 2013). Without any evidence casting "serious and substantial doubt" on Dr. Hazlewood's opinion, the Court must presume his impairment rating is accurate. Tenn. Code Ann. § 50-6-204(d)(4).

The Court finds Mr. Rice sustained 12% impairment and calculates his original award for permanent partial disability benefits as 12% times 450 weeks times the stipulated compensation rate of $407.44, or $22,001.76. After deducting Vanderbilt's credit for overpayment of temporary disability benefits, the Court awards Mr. Rice $20,823.01.

As for medical benefits, an employer must furnish medical treatment made reasonably necessary by the work accident. Tenn. Code Ann. § 50-6-204(a)(1)(A). So, Vanderbilt must provide reasonable and necessary treatment with Drs. Stephens and Lee.

**IT IS, THEREFORE, ORDERED** as follows:

1. Vanderbilt shall pay Mr. Rice permanent partial disability benefits of $20,823.01 under Tennessee Code Annotated section 50-6-207(3)(A).

2. Vanderbilt shall pay reasonable and necessary future medical expenses with Drs. Stephens and Lee under Tennessee Code Annotated section 50-6-204(a)(1)(A).

3. Mr. Rice is entitled to reimbursement of reasonable costs under Tennessee Code Annotated section 50-6-239(c)(8) and Tennessee Rule of Civil Procedure 54.04. His attorney may file a motion requesting them.

4. Mr. Rice's attorney, Jill Draughon, is awarded an attorney's fee of $4,400.35, or 20% of the total award.  Tenn. Code Ann. § 50-6-226(a)(1).

5. Vanderbilt shall pay the $150.00 filing fee to the Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (December, 2023).

6. Unless appealed, this order shall become final in 30 days.

7. Vanderbilt shall file Form SD-2 with the Court Clerk within ten business days of this order becoming final.

**ENTERED May 5, 2025.**

_____
**Judge Joshua D. Baker**
**Court of Workers' Compensation Claims**

## APPENDIX

<u>Exhibits</u>:

1. Medical records (TNComp Document ID 132702)
2. Medical reports (TNComp Document ID 132701)

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this Order was sent as shown on May 5, 2025.

| Name | Certified Mail | Email | Service Sent To: |
|---|---|---|---|
| Jill Draughon, Employee's attorney | | X | jdraughon@hughesandcoleman.com sconner@hughesandcoleman.com |
| Nate Cherry, Employer's Attorney | | X | ncherry@tatewilsonlaw.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*