W. C. DORAN, SR., COMPLAINANT, APPELLANT, *v.* ED. B. CRENSHAW, DEFENDANT, APPELLEE.

(*Nashville,* December Term, 1932.)

Opinion filed June 24, 1933.

John W. Palmer, for complainant, appellant.

Roy H. Beeler, Attorney-General, and J. W. Cooper, Assistant Attorney-General, for defendant, appellee.

Mr. Justice Cook delivered the opinion of the Court.

Complainant sued to recover $59.95 privilege taxes collected by the county court clerk, which he insisted was imposed by section 1, chapter 13, Acts Second Extra Session of 1931. Under the heading "Florists" at page 110, a tax was imposed upon "each person dealing in cut flowers or potted plants, conducting the business of a florist from a regular place of business," and under a subsequent paragraph "each person selling cut flowers, shrubs or potted plants on the streets or at other places outside a regular store."

The tax was paid under protest and in his bill filed to recover it complainant stated that he is a horticulturist engaged in the operation of a nursery and greenhouse on his land at 1732 Felix Avenue where he grows from the soil various kinds of flowering and perennial plants and shrubs, which he sells to dealers and the public generally. The entire product is grown by him from seeds, bulbs, and slips which he plants and cultivates on his own soil, and he does not handle, sell or deal in any other product.

The chancellor was of the opinion that complainant's business was taxable as a privilege (see *Mabry* v. *Tarver*, 4 Humph., 99) and sustained defendant's demurrer to the bill. He appealed and through assignments of error insists that his business was not taxed by the Act, and

if so it was exempt from taxation by Article II, Section 28, of the Constitution.

It was said in *Mabry* v. *Tarver, supra,* a case holding that a privilege tax might be imposed upon keepers of jacks and stallions, that the exemption from a direct tax on behalf of producers from the soil did not exempt them from a privilege tax. It is unnecessary for us to determine that question. It cannot be supposed that the legislature intended by the language used in this Act to declare the business of producing from the soil a privilege and to tax it. The language of the Act, expressive of the legislative intent, confined the tax to "Florists" who conduct the business of selling cut flowers and potted plants at a store or at a fixed place on the street or elsewhere "outside of a regular store." This language so limited cannot be extended by implication to embrace a producer of plants and flowers. To do so would be to reach beyond the clear import of the language used and to enlarge the provision so as to embrace all persons who plant, till the soil, and produce flowers, bulbs, and shrubs for sale. The Act cannot be so construed.

All questions of doubt arising upon construction of taxing statutes are to be resolved against the State. They will not be extended by implication beyond the clear import of the language used, and their operation cannot be enlarged so as to embrace matters not specifically pointed out, although standing upon a close analogy. *Plow Co.* v. *Hays,* 125 Tenn., 155.

We are constrained, therefore, to reverse the decree of the chancellor.