Evans *v.* Memphis Dairy Exchange, Inc.

*(Knoxville,* September Term, 1951.)

Opinion filed July 11, 1952.

Roy H. Beeler, Attorney General, Allison B. Humphreys, Solicitor General, and Milton P. Rice, Assistant Attorney General, for petitioner in error.

Kenneth C. Larkey, and C. B. Dudley, Jr., both of Memphis, and R. T. Cochran, of Nashville, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Memphis Dairy Exchange, Inc., is engaged in the business of selling milk bottles to retail distributors of milk. These retail distributors use these bottles as containers in packaging milk for delivery to consumers. The consumer is required to pay the distributor three (3¢) cents for this bottle as a means of assuring its return to the distributor.

The Commissioner construed the sale of such milk bottles by the Dairy Exchange to the distributor to be a transaction which is taxable under our Retailers' Sales Tax Act. Accordingly, he required Memphis Dairy Exchange, Inc. to pay the State approximately $6,000.00.

The Dairy Exchange was, and is, of the opinion that this transaction is one which is not included within the Sales Tax Act. It, therefore, paid this under protest and brought this suit to recover the money so paid.

The Chancellor sustained the contention of the Dairy Exchange and allowed a recovery. The Commissioner has filed the record for writ of error.

The Dairy Exchange has filed a motion to dismiss the Commissioner's petition on the ground that the Commissioner acquiesced in the decree of the Chancellor and waived his right to appeal or file the record for writ of error.

This Court is of the opinion that the decree of the Chancellor is correct. Perhaps the case should be disposed of on that basis. Hence, the motion to dismiss will be denied without consideration of its merits.

Section 2(c) 2 of the Sales Act, Code Supplement 1248.51(c) 2 is as follows:

"The terms 'sale at retail,' 'use,' 'storage,' and 'consumption' *shall not include* the sale, use, storage or consumption of industrial materials for * * * nor * * * materials, *containers,* labels, sacks or bags *used for packaging tangible personal property for shipment or sale."* (Emphasis supplied.)

It is because of this provision that the Dairy Exchange insists that the sale of these milk bottles to distributors is a sale which is excluded from the terms of the Sales Tax Act.

There is no gainsaying the statement that a milk bottle is a container used for packaging milk which is sold to the consumer. Therefore, if the above quoted language means what it says, the sale of these milk bottles by the Dairy Exchange to the milk distributor is a transaction which is expressly excluded from the provisions of the Sales Tax Law.

However, it is the contention of the Commissioner that when the entire Sales Tax Law is considered it will be

seen that Section 2(c) 2 quoted above must be construed to mean only such containers as are not returnable to the retail seller of the article delivered in that container. Paper bags, pasteboard boxes and cartons are illustrations of the non-returnable container. The title to such non-returnable containers passes to the purchaser along with the article in the container. Title does not pass to a returnable container.

This construction is placed by the Commissioner upon Section 2(c) 2 quoted above because the Sales Tax Act defines a retail sale as one which is made to "a consumer or to any person for any purpose other than for resale". Code Supplement 1248.51(c) 1. It is insisted by the Commissioner that in as much as this bottle is to be returned to the distributor by the consumer it must follow that the sale by the Dairy Exchange to the distributor is not a sale for re-sale; hence, that the sale of these milk bottles is a transaction which is taxable.

The Commissioner says that his aforesaid construction of Section 2(c) 2 quoted above is substantiated as being correct by reason of Section 6 of the Act carried in the Code Supplement at 1248.61. That section mentions fourteen different articles that are not subject to the tax. Among those is the following,—"containers used for farm products and field and garden seeds when sold directly to the farmers". The argument is that if it was the intention of the Legislature to exclude all containers by the language used in 2(c) 2 of the Act, then there was no sense in expressly providing in Section 6 that "containers used for farm products and field and garden seeds when sold directly to the farmers" are not subject to the tax.

The Sales Tax Law of Florida seems to be identical with our Sales Tax Law, in so far as it concerns the provisions here involved. There is attached to the brief of the Commissioner copy of an opinion of the Supreme Court of Florida announced on February 8, 1952 in the case of *Gay* v. *Canada Dry Bottling Co.*, 59 So. (2d) 788. That opinion upheld the contentions made by our Commissioner in the case at bar and held that the sale of such returnable containers is a taxable transaction. No other decision of the question has been found.

It is true, as the Commissioner insists, that the transaction in question is not a sale for re-sale, and that any transaction which is not a sale for re-sale is defined as being a retail sale. But that lends no strength to the insistence of the Commissioner, because the same Act that so defines a sale at retail expressly provides that there shall be excluded from the term ''sale at retail'' a transaction that is a sale of a container used for packaging tangible personal property for sale.

It is also true, as pointed out by the Commissioner, that Section 6 of the Act expressly excludes containers used for farm products sold directly to farmers. In view of Section 2(c) 2 heretofore quoted, we do not know why the Legislature made this provision in Section 6 of the Act. However, the presence of this provision in Section 6 is no logical reason for the Court writing into Section 2(c) 2 the expression ''non-returnable'' before the word ''container''.

██ . From the standpoint of the Commissioner, perhaps the most favorable view that can be taken of this provision in Section 6 is that it raises a doubt as to whether the word ''container'' in Section 2(c) 2 of the Act should be construed to mean all such containers, or

only those which are not to be returned by the consumer. Under that view of the matter the transaction in question must be held non-taxable. It is well settled that "all questions of doubt arising upon construction of taxing statutes are to be resolved against the state." *Doran v. Crenshaw,* 166 Tenn. 346, 348, 61 S. W. (2d) 469.

The petition for writ of error will be denied, and costs adjudged against the State.