**TENNESSEE GROWERS, INC., Appellee,**

v.

**John K. KING, Commissioner of Revenue of the State of Tennessee, Appellant.**

Supreme Court of Tennessee, at Jackson.

Dec. 10, 1984.

---

J. Robert Walker, Asst. Atty. Gen., W.J. Michael Cody, Atty. Gen. and Reporter, Nashville, for appellant.

Walker T. Tipton, Covington, for appellee.

## OPINION

COOPER, Chief Justice.

This is an action by a taxpayer for refund of state excise taxes paid under protest. The chancellor entered judgment for the taxpayer, and the commissioner appealed.

Tennessee Growers, Inc. acquired all of the capital stock of Shelton Fertilizer Co., Inc. on January 1, 1979. On January 5, 1979, Tennessee Growers, Inc. liquidated Shelton, took over its assets, assumed its liabilities, and cancelled the stock of Shelton.

Shelton filed a federal income tax return for the period of January 1, 1979, through January 5, 1979, reporting gross income of $123,605.00 attributable to the "recapture of depreciation" previously taken. *See* 26 U.S.C.A. § 1245. The "recapture of depreciation" reported by Shelton represented the depreciation taken from 1961 until 1979 on the assets distributed in the liquidation. These assets included machinery and equipment, office signs, trucks, tractors, "applicators," office equipment and other undescribed equipment.

Shelton claimed deductions for federal tax purposes of $21,937.00, including $1,065.00 in operating expenses, leaving $101,668.00 in federal taxable income.

Shelton also filed a state franchise and excise tax return for the period of January 1, 1979, through January 5, 1979. Shelton reported the net income shown on the federal tax return but claimed a deduction of $123,605.00, the total amount of depreciation recaptured. Consequently, no taxable income was reported by Shelton on the state tax return and no tax was paid.

On reviewing the tax return, the commissioner denied the "recapture of depreciation" deduction and assessed Shelton

$6,313.58 for excise taxes and interest. Shelton paid the assessment under protest and filed the present action for refund.

 The primary issue presented to the trial court, and now to this court, is: Is the "depreciation recaptured" a proper deduction from federal taxable income in determining "net earnings" of Shelton for excise tax purposes? We hold that it is not, and reverse the judgment entered in the Chancery Court of Tipton County.

 T.C.A. § 67–2702(a) [now T.C.A. § 67–4–806(a) ] requires corporations doing business in Tennessee to pay an excise tax "equal to six per cent (6%) of the net earnings for the next preceding fiscal year for business done in this state." The tax is upon the privilege of engaging in business in corporate form in Tennessee, and not merely on the doing of business. *Mid-Valley Pipeline v. King*, 221 Tenn. 724, 431 S.W.2d 277 (1968).

For the applicable tax period, "net earnings" are defined for excise tax purposes as federal taxable income, with certain enumerated adjustments. *See* T.C.A. § 67–2704 [now § 67–4–805]. Since Shelton reported taxable income for federal tax purposes for the tax year in question, it also had, absent an offsetting adjustment, net earnings for state excise tax purposes. The "recapture of depreciation" item of federal taxable income is not an enumerated adjustment. The taxpayer insists, however, that it is an allowable deduction in the calculation of state excise taxes under the provision allowing the subtraction of "[a]ny amount included in federal taxable income but not taxable under the law of this state." T.C.A. § 67–2704(b)(2) [now § 67–4–805(b)(2)(B) ].

In permitting the taxpayer to exclude "recaptured depreciation" income from net earnings for excise tax purposes under T.C.A. § 67–2704(b)(2) [now § 67–4–805(b)(2)(B) ], the chancellor concluded that:

[I]t was the intent of the legislature [in defining "net earnings" for excise tax purposes] that there be excluded from the federal taxable income those portions

of federal taxable income which, prior to the enactment of the 1976 Act, were not taxable under the Tennessee Excise Tax Law, *i.e.*, those items included in federal taxable income which did not constitute net earnings as computed by accepted accounting methods.

The chancellor based his conclusion, in part, upon the final report of the Committee to Study the Franchise and Excise Taxes, which was released prior to the enactment of the 1976 Act and which specifically defined "net earnings" for the first time. One of the recommendations of the Committee was that:

... the statutory definition of the tax base be revised to define "net earnings" as the net income for federal income tax purposes as set out in the Internal Revenue Code in effect for the taxable year, adjusted so as to retain substantially the current Tennessee tax base.

 Legislative intent is derived from construing the statute in its entirety, and it should be assumed the legislature used each word purposely and that those words convey some intent and have a meaning and a purpose. *See Worrall v. Kroger Co.*, 545 S.W.2d 736 (Tenn.1977); *Tidwell v. Servomation—Willoughby Co.*, 483 S.W.2d 98 (Tenn.1972).

The stated purpose for the Committee's recommended definition was to improve "the efficiency of tax administration and compliance by moving more closely toward accounting practices commonly accepted for federal and state tax purposes." This purpose could not be accomplished under the chancellor's interpretation of what constitutes "net earnings" for excise tax purposes. As pointed out by the commissioner, the chancellor's interpretation of T.C.A. § 67–2704(b)(2) [now § 67–4–805(b)(2)(B) ] would permit the deduction of any item of income not included in net earnings prior to 1976, and would have the effect of negating the need for the remainder of the Act, or, for that matter, the definition of "net earnings" set forth in the Act.

In our opinion, T.C.A. § 67–2704(b)(2) [now § 67–4–805(b)(2)(B) ] simply means

**206**

what it says: any amount which is taxable under federal law "but not taxable under the law of this state" is to be deducted from federal taxable income in calculating the excise tax base," for example, the deduction from federal taxable income of corporate income which may be allocated or apportioned to other states and consequently is not taxed by this state. *See* T.C.A. §§ 67–2709—2713 [now § 67–4–810] (allocation); T.C.A. §§ 67–2714—2722 [now § 67–4–811]; and T.C.A. §§ 67–2724—2726 [now § 67–4–814—67–4–816] (apportionment). Other federal taxable income, such as, the "recapture of depreciation," not expressly excluded from taxation by the laws of this state are within the statutory definition of "net earnings" for excise tax purposes.

The taxpayer also argues that there were no "net earnings from any business activity" in Tennessee during the tax period and that, consequently, no excise taxes were due the State of Tennessee. It is undisputed that there was some business activity at Shelton during the tax period in question. Tax forms filed show that Shelton incurred and claimed "operating expenses" in calculating both the federal income tax and state excise tax. It is also undisputed that Shelton reported income from the "recapture of depreciation" as the result of its liquidation and distribution of assets to Tennessee Grower's Inc. This income, in our opinion, should properly be classed as "business earnings." But whether classed as business or non-business earnings, it is income for excise tax purposes. "Business earnings" are defined in T.C.A. § 67–2703(a) [now § 67–4–804(a)(1)] to include "earnings from tangible and intangible property if the acquisition, management, and disposition of the property constitute integral parts of the taxpayer's regular trade or business operations." Property subject to "recapture of depreciation" is generally limited to personal property used in trade or business or held for the production of income. *See* 26 U.S.C.A. § 1245(a)(3). The assets distributed on liquidation by Shelton thus would not have been subject to the "recapture of depreciation" provision of the Internal Revenue Code, unless they had been used in Shelton's business operations. Consequently, the recapture of depreciation would be "business earnings" as that term is defined. But, if the recapture of depreciation income were to be classed as "non-business earnings" it would still constitute taxable income for excise tax purposes, as the property had a situs in this state at the time Shelton was liquidated and the property was distributed to Tennessee Growers, Inc. *See* T.C.A. §§ 67–2709, 67–2711(b)(1) [now § 67–4–810]

The judgment of the Chancery Court of Tipton County is reversed, and the case is dismissed. Costs will be paid by Tennessee Growers, Inc.

FONES, BROCK, HARBISON, and DROWOTA, JJ., concur.