# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 15, 2010 Session

## WALKER'S, INC. d/b/a WALKER'S QUALITY CLEANERS
### v.
## REAGAN FARR, Commissioner of the Department of Revenue, State of Tennessee

### Appeal from the Chancery Court for Madison County
### No. 65707      James F. Butler, Chancellor

### No. W2010-00164-COA-R3-CV - Filed September 7, 2010

This appeal involves the Retailers' Sales Tax Act. The plaintiff taxpayer is a dry-cleaning business. The taxpayer did not pay Tennessee sales tax for the sale of dry-cleaning and laundering services to a formalwear rental business. After an audit, the Tennessee Department of Revenue concluded that the taxpayer's sales of these services did not qualify as "sales for resale" that were exempt from taxation under the Retailers' Sales Tax Act, and assessed unpaid sales taxes. The taxpayer filed this lawsuit challenging the assessment. The parties filed cross-motions for summary judgment. The trial court concluded that the taxpayer's sales of dry-cleaning and laundering services qualified for the "sale for resale" exemption and abated the assessment. The Commissioner of the Department of Revenue appeals. We reverse, finding, *inter alia*, that the sales do not fall within the "sale for resale" exemption from taxation under the Retailers' Sales Tax Act because dry-cleaning and laundering garments does not amount to "processing" under the Act.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

HOLLY M. KIRBY, J, delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and R. Mitchell Porcello, Nashville, Tennessee, for the appellant, Reagan Farr, Commissioner of the Department of Revenue

Louis F. Allen, Steven H. McCleskey, and Amy Ferguson Dudek, Memphis, Tennessee, and John R. Moss, Jackson, Tennessee, for the appellee, Walker's, Inc.

# OPINION

## FACTS AND PROCEDURAL HISTORY

The facts in this case are undisputed. Plaintiff/Appellee Walker's, Inc. ("Walker's") is a Tennessee corporation with its principal place of business in Jackson, Tennessee. Doing business as Walker's Quality Cleaners, Walker's is a full-service dry-cleaning business. Walker's provides dry-cleaning and laundering services to Brasher's, Inc. ("Brasher's"), a formalwear business that rents and sells tuxedos, shirts and accessories to its customers.

Brasher's is a separate Tennessee corporation from Walker's, but both do business in the same building in Jackson. During the pertinent time period, when Walker's was paid by Brasher's for dry-cleaning and laundering services, Walker's did not collect sales tax from Brasher's. Rather, Brasher's would provide Walker's with a resale certificate, to evidence that the sale of the laundering and dry-cleaning services fell within the "sale for resale" exception to the Retailers' Sales Tax Act ("the Act"), Tennessee Code Annotated § 67-6-101 *et seq.*[1]

In 2007, the Tennessee Department of Revenue ("Department") conducted a sales and use tax audit of Walker's business for the period of January 1, 2004 through December 31, 2006. At the conclusion of the audit, the Department determined that sales by Walker's of laundering and dry-cleaning services to Brasher's did not constitute exempt "sales for resale" under the Act and disallowed exemption from the sales and use tax claimed by Walker's. Consequently, the Department issued a Notice of Assessment against Walker's in the amount of $57,580 for the unpaid sales and use taxes.[2]

Walker's refused to pay the assessment and asked for an informal conference with a Department representative to try to resolve the dispute. Alas, the conference proved unsuccessful. Walker's then filed the instant lawsuit in the Madison County Chancery Court ("trial court") challenging the assessment. Pursuant to Tennessee Code Annotated § 67-1-

---

[1] The Act imposes a tax on the privilege of selling tangible personal property or specifically taxable services to consumers "for any purpose other than for resale." T.C.A. § 67-6-102(34)(A) (2006); *Cape Fear Paging Co. v. Huddleston*, 937 S.W.2d 787, 788 (Tenn. 1996). The phrase "for any purpose other than for resale" has been construed as an exemption from taxation under the Act. *Nashville Clubhouse Inn v. Johnson*, 27 S.W.3d 542, 544 (Tenn. Ct. App. 2000) (citing *Colemill Enters., Inc. v. Huddleston*, 967 S.W.2d 753, 756 (Tenn. 1998)).

[2] The total assessment was comprised of $45,126 in tax liability and $12,453 in accrued interest.

1801(a)(1)(B),[3] the complaint named the Commissioner of the Department of Revenue, Reagan Farr ("Commissioner"), as defendant. In the complaint, Walker's asserted that the laundering and dry-cleaning services provided to Brasher's fell within the sale for resale exemption from sales and use tax because the services "constitute[d] the packaging and processing of the same product rented by Brasher's, Inc. to its customers." On this basis, Walker's sought abatement of the assessment and an award of attorney fees and litigation expenses pursuant to Tennessee Code Annotated § 67-1-1803(d).

The Commissioner answered the complaint and denied that Walker's qualified for the sale for resale exemption from taxation. Because Walker's had not paid the assessment prior to filing its lawsuit, the Commissioner asserted a counterclaim for the amount of the assessment plus interest. In addition, the Commissioner sought an award of attorney fees and litigation expenses.

Thereafter, the parties filed cross-motions for summary judgment. After a hearing, the trial court concluded that there were no genuine issues of material fact. The trial court found as follows:

> The services provided by Walker's to Brasher's is clearly a process by which it reworks Brasher's product without which the product could not be resold or re-rented to the ultimate consumer. Brasher's does not use either the process or the clothing. It is a process that is necessary in retail sales, or rentals, of clothing. It cannot be separated necessarily from the clothing and is a component part of the clothing being rented by Brasher's at retail. The services of dry cleaning and laundry [sic] are incapable of being separated from the garments sold or rented at retail.

---

[3]Tennessee Code Annotated § 67-1-1801 provides in pertinent part:

> (a)(1) In all cases in which any officer, charged by law with the authority to assess taxes that are collected or administered by the commissioner of revenue, shall assess a tax alleged or claimed to be due, if the taxpayer against whom the assessment is made believes the assessment to be unjust, illegal or incorrect, the taxpayer's remedies shall be as follows:
> . . . .
> (B)The taxpayer may file suit against the commissioner in chancery court in the appropriate county in this state, challenging all or any portion of the assessment of such tax, including any interest and penalty associated with the tax.

T.C.A. § 67-1-1801(a)(1)(B) (2006).

Thus, the trial court determined that Walker's services constituted a necessary "process" in the formalwear rental and sales business conducted by Brasher's. On this basis, the trial court concluded that the sales by Walker's to Brasher's of dry-cleaning and laundering services came within the sale for resale exemption from taxation under the Act. The trial court referred to Walker's providing packaging services as well, a second exemption from taxation under the Act. Accordingly, the trial court abated the Commissioner's assessment in its entirety and awarded attorney fees to Walker's.

The Commissioner now appeals.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, the Commissioner argues that the trial court erred in holding that the sale of dry-cleaning and laundering services by a dry-cleaner to a formalwear store that sells and rents tuxedos and related accessories to customers at retail constitutes a "sale for resale" exempt from sales tax under the Act. The Commissioner argues also that the trial court erred in holding that the sale of dry-cleaning and laundering services by a dry-cleaner to a formalwear store that sells and rents tuxedos and related accessories to customers at retail constitutes the sale of "packaging materials" exempt from sales tax under the Act.

"Our review of a trial court's award of summary judgment is *de novo* with no presumption of correctness, the trial court's decisions being purely a question of law." *Wylie Steel Fabricators, Inc. v. Johnson*, 179 S.W.3d 509, 514 (Tenn. Ct. App. 2005) (quoting *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003)). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the undisputed facts. *Chapman v. Bearfield*, 207 S.W.3d 736, 739 (Tenn. 2006) (citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004)). In granting summary judgment to Walker's, the trial court construed certain provisions of the Retailers' Sales Tax Act. The trial court's construction of the statutes is reviewed *de novo* with no presumption of correctness. *See Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 506 (Tenn. 2004) (citing *Bryant v. Genco Stamping & Mfg. Co.*, 33 S.W.3d 761, 765 (Tenn. 2000); *Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 911 (Tenn. 2000)).

In construing statutes, the duty of the court is "to ascertain and give effect to the intention and purpose of the legislature." *Id.* at 507 (citing *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000); *Freeman*, 27 S.W.3d at 911). When possible, this intent is gleaned from "the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *Id.* (quoting *Lipscomb*, 32 S.W.3d at 844). Statutes must be read in their entirety, because the court assumes that the legislature

-4-

used each word purposefully to convey its intent, meaning, and purpose. *Id.* (citing *Tenn. Growers, Inc. v. King*, 682 S.W.2d 203, 205 (Tenn. 1984)). "The background, purpose, and general circumstances under which words are used in a statute must be considered, and it is improper to take a word or a few words from its context and, with them isolated, attempt to determine their meaning." *Id.* (citing *First Nat'l Bank of Memphis v. McCanless*, 207 S.W.2d 1007, 1009-10 (Tenn. 1948)).

We must also consider principles of statutory construction that specifically apply to taxation statutes. "Statutes imposing a tax are to be construed strictly against the taxing authority," while "statutes granting exemptions from taxation are construed strictly against the taxpayer." *Id.* (citing *Tibbals Flooring Co. v. Huddleston*, 891 S.W.2d 196, 198 (Tenn. 1994); *Covington Pike Toyota, Inc. v. Cardwell*, 829 S.W.2d 132, 135 (Tenn. 1992)).

## ANALYSIS

Originally enacted in 1947, the Tennessee Retailers' Sales Tax Act[4] levies a tax on retail sales of tangible personal property and specifically enumerated services.[5] T.C.A. §§ 67-6-202, 67-6-205 (2006); *see* Timothy R. Hurley, *Curing the Structural Defect in State Tax Systems: Expanding the Tax Base to Include Services*, 61 MERCER L. REV. 491, 500 (Winter 2010). Tennessee Code Annotated § 67-6-202 provides: "For the exercise of the privilege of engaging in the business of selling tangible personal property at retail in this state, a tax

---

[4]Over the years, the Retailers' Sales Tax Act has been amended numerous times, most recently in June 2010. At the time Walker's filed its complaint, the 2006 version was in effect. Accordingly, in this appeal, we analyze the 2006 provisions of the Act and cross-reference the current version of the Act where appropriate.

[5]Between 1932 and 1969, forty-four states implemented some version of a retail sales tax. Timothy R. Hurley, *Curing the Structural Defect in State Tax Systems: Expanding the Tax Base to Include Services*, 61 MERCER L. REV. 491, 491 (Winter 2010). Because the sale of goods dominated the economy during the time, most states initially excluded services from taxation. *Id.* at 492. Despite the growth of the service industry and its dominance in the current economy, most states still do not tax the sale of services to a wide extent. *Id.* As highlighted by the instant appeal, Tennessee is one of the states that taxes some services.

In theory, the sales tax was conceived as a general consumption tax, applicable to personal consumption expenditures in order to distribute the cost of government in accordance with consumption expenditures. *Id.* at 496. Under that theory, "the sales tax should shift to the ultimate consumer," and any purchase by a business should be exempt from the retail sales tax. *Id.* "The inclusion of business inputs in the sales tax base creates a 'cascading' or 'pyramiding' of the tax burden" because businesses will pass on any tax incurred to the retail consumer, resulting in "household sales tax burdens [that] . . . vary depending upon how many stages of production their particular consumption bundle went through." Kirk J. Stark, *The Uneasy Case for Extending the Sales Tax to Services*, 30 FLA. ST. U. L. REV. 435, 456-57 (Spring 2003). Studies show, however, that such theory may give way to the need for revenue production, in that forty-one percent of the average state's sales tax revenue is derived from sales to businesses. Hurley, *supra*, at 496-97.

is levied on the sales price of each item or article of tangible personal property when sold at retail in this state." T.C.A. § 67-6-202(a) (2006). For the purposes of the Act, a "sale" includes the "lease or rental" of tangible personal property for consideration. T.C.A. § 67-6-102(36)(A) (2006).[6] Likewise, Section 67-6-205 levies a tax on "the gross charge for all services taxable" under the Act. T.C.A. § 67-6-205(a) (2006). Among the services listed, the Act specifically includes "[t]he laundering or dry cleaning of any kind of tangible personal property, . . . , where a charge is made for the laundering or dry cleaning."[7] T.C.A. § 67-6-102(34)(F)(v) (2006). Thus, absent an exemption to the contrary, the Act imposes a tax on all sales of laundering and dry cleaning services.

### *Sale For Resale*

Under the Act, "retail sales" or "sale at retail" is defined as "a taxable sale of tangible personal property or specifically taxable services to a consumer or to any person for any purpose other than for resale." T.C.A. § 67-6-102(34)(A) (2006). The phrase "for any purpose other than for resale" has been construed as an exemption that excludes sales for resales from taxation. *See Nashville Clubhouse Inn v. Johnson*, 27 S.W.3d 542, 544 (Tenn. Ct. App. 2000) (citing *Colemill Enters., Inc. v. Huddleston*, 967 S.W.2d 753, 756 (Tenn. 1998)).

Under the statute, in order to fall within the exemption, a potential sale for resale "must . . . be in strict compliance with rules and regulations promulgated by the commissioner."[8] T.C.A. § 67-6-102(34)(A) (2006). Pursuant to this grant of authority, the Commissioner issued Regulation 1320-05-01-.62 ("Rule 62") outlining the parameters of a sale for resale. Rule 62 provides:

> "Sales for resale" means those whereby a supplier of materials, supplies, equipment and services makes such tangible personal property or services available to legitimate dealers actually selling such property or services as

---

[6]This definition of "sale" is currently at Section 67-6-102(81)(A) (2009 Supp.).

[7]The provision specifying taxation on sales of laundering and dry cleaning services is currently at Section 67-6-205(c)(5) (2009 Supp.).

[8]The Act currently defines "retail sale" as "any sale, lease, or rental for any purpose other than for resale, sublease, or subrent." T.C.A. § 67-6-102(79) (2009 Supp.). In a separate provision, the Act now provides that "sale for resale" means "the sale of the property, services, or taxable item intended for subsequent resale by the purchaser." T.C.A. § 67-6-102(78) (2009 Supp.). As with the 2006 version, the Act provides that "[a]ny sales for resale shall, however, be in strict compliance with rules and regulations promulgated by the commissioner." *Id.*

such, or which becomes an industrial material or supply in a manufacturing or processing operation.

TENN. COMP. R. & REGS. 1320-05-01-.62(1) (2010). Thus, under Rule 62, a transaction may constitute a sale for resale under the Act if: (1) the products or services sold are actually resold "as such" by "legitimate dealers," or (2) the products or services sold become "an industrial material or supply in a manufacturing or processing operation." TENN. COMP. R. & REGS. 1320-05-01-.62(1) (2010); *see NASCO, Inc. v. Jackson*, 748 S.W.2d 193, 196 (Tenn. 1988). On appeal, it is undisputed that the laundering and dry-cleaning services by Walker's were not resold "as such" by Brasher's. It is also undisputed that the facts in this case do not involve a "manufacturing operation" under Rule 62. The issue then becomes whether Walker's services became an industrial material or supply in a "processing operation."

On appeal, the Commissioner argues that the trial court erred in concluding that the sale by Walker's to Brasher's of laundering and dry-cleaning services came within the sale for resale exemption from taxation. The Commissioner contends that these services by Walker's did not become an industrial material or supply in a processing operation under Rule 62 because formalwear rental does not entail processing.

In response, Walker's contends that, under the general purpose behind the sales and use tax, only retail sales to the ultimate consumer are subject to the tax, and imposing a tax on the sales by Walker's to Brasher's will result in double taxation because Brasher's collects sales tax on its formalwear rentals. Walker's insists that its laundering and dry-cleaning services constitute a "processing operation with regard to the articles of formal wear which are sold at retail by Brasher's," and thus come within the exemption for sales for resale.

At the outset, we note that the Retailers' Sales Tax Act does not define the term "processing." *See* T.C.A. § 67-6-102 (2006); *accord Beare Co. v. Tenn. Dep't of Revenue*, 858 S.W.2d 906, 908 (Tenn. 1993). In *Beare Co.*, the Supreme Court undertook the task of defining "processing" for the purpose of sales tax exemptions. *Beare Co.*, 858 S.W.2d at 908. Ultimately, the Court relied on a pair of cases from Ohio for guidance. In *Gressel Produce Co. v. Kosydar*, 297 N.E.2d 532 (Ohio 1973), the term "processing" was defined as: "[E]ssentially a transformation or conversion of materials or things into a different state or form from that in which they originally existed- the actual operation incident to changing them into marketable products." *Beare Co.*, 858 S.W.2d at 908 (quoting *Gressel Produce Co.* 297 N.E.2d at 535). Applying this definition, the *Gressel Produce Co.* Court concluded that "cleaning, cooling, sorting and application of oil to eggs did not constitute 'processing' because there was no change in the state or form of the eggs." *Beare Co.*, 858 S.W.2d at 908. In a subsequent case, the Ohio court reiterated that the "mere enhancement of the value

-7-

of a product, absent a *change* in 'state or form' from that in which it originally existed, does not constitute 'processing.'" *Id.* (citing *Sauder Woodworking Co. v. Limbach*, 527 N.E.2d 296, 297 (Ohio 1988)). Adopting these principles, the *Beare Co.* Court concluded that blast freezing food products qualified as "processing" for the purposes of the Act. *Id.* at 909.

We consider, then the facts of this case in light of *Beare Co.* and the authorities on which it relies. We find nothing in the appellate record indicating that the laundering and dry-cleaning services sold by Walker's resulted in a change in state or form. *Beare Co.*, 858 S.W.2d at 908. We find the facts in this case more akin to those in *Gressel Produce Co.*, relied upon in *Beare Co.*, in which the *Gressel* court found that the "cleaning," "sorting" and "application of oil" to eggs did not constitute "processing" within the meaning of that state's sales tax statutes. *See Beare Co.*, 858 S.W.2d at 908 (citing *Gressel Produce Co.*, 297 N.E.2d at 535). Thus, we find that the laundering and dry-cleaning services provided by Walker's to Brasher's do not constitute "processing" within the meaning of Rule 62 and the Retailers' Sales Tax Act. Accordingly, we must conclude that the trial court erred in holding that the services sold by Walker's to Brasher's fall within the sale for resale exemption from taxation under the Act.

### *Packaging Materials*

The trial court also appeared to hold that the sales by Walker's to Brasher's came within a second taxation exemption under the Act. Under Section 67-6-102, "[m]aterials, containers, labels, sacks, bags or bottles used for packaging tangible personal property when such property is either sold therein directly to the consumer or when such use is incidental to the sale of such property for resale" are excluded from the definition of "sale at retail."[9] T.C.A. § 67-6-102(34)(E)(ii) (2006). Thus, in certain circumstances, the sale of packaging materials is exempted from sales tax under the Act. *See Evans v. Memphis Dairy Exch., Inc.*, 250 S.W.2d 547 (Tenn. 1952). Specifically, "[m]aterials, containers, labels, sacks, bags or bottles used for packaging tangible personal property" are exempt from sales tax "when such property is either sold therein directly to the consumer or when such use is incidental to the sale of such property for resale." T.C.A. § 67-6-102(34)(E)(ii) (2006). Walker's contends that the sale to Brasher's of laundering and dry-cleaning services comes within the "packaging materials" exemption from taxation. The Commissioner argues that any sale by Walker's of packaging materials was incidental to the provision of laundering and dry-cleaning services, and the packaging materials exemption is therefore not applicable. Neither party submits case law construing this provision of the Act in support of its position.

---

[9]The exemption for packaging materials is currently at section 67-6-329(a)(13) (2009 Supp.).

In *Evans v. Memphis Dairy Exch., Inc.*, 250 S.W.2d 547 (Tenn. 1952), the taxpayer was "engaged in the business of selling milk bottles to retail distributors of milk." *Evans*, 250 S.W.2d at 547. Noting that a "milk bottle is a container used for packaging milk," the *Evans* Court found that the taxpayer's sale of the milk bottles was excluded from sales tax under the "packaging materials" exemption. *Id.* at 548. In the case at bar, it is undisputed that Walker's is "a full-service dry cleaning business" that provided "dry cleaning and laundry services of tuxedos, shirts and accessories" to Brasher's. The record does not specify what "packaging materials" Walker's furnished to Brasher's. More importantly, the record does not indicate that Walker's is engaged in the business of selling packaging materials. Thus, in contrast to the taxpayer in *Evans*, the furnishing of packaging materials was not the object of the transaction between Walker's and Brasher's; rather, any packaging materials furnished were at most incidental to the provision of laundering and dry-cleaning services. We are mindful that statutes granting exemption from taxation are to be construed strictly against the taxpayer. *Eastman Chem. Co.*, 115 S.W.3d at 507 (citing *Tibbals Flooring Co.*, 891 S.W.2d at 198; *Covington Pike Toyota*, 829 S.W.2d at 135). We must conclude that Walker's has not shown that its sales to Brasher's fit within the "packaging materials" exemption from sales tax under the Act.

## CONCLUSION

Under these circumstances, we must conclude that the trial court erred in granting the summary judgment motion filed by Walker's, and in denying the summary judgment motion filed by the Commissioner, and hold that the Commissioner is entitled to judgment as a matter of law. Accordingly, we find that the Commissioner is entitled to attorney fees and litigation expenses pursuant to Tennessee Code Annotated § 67-1-1803(d). We remand the case to the trial court for a determination of reasonable attorney fees and expenses, as well as a determination of the amount of delinquent tax plus statutory interest.

The decision of the trial court is reversed and judgment is entered for the Appellant Reagan Farr, Commissioner of the Department of Revenue for the State of Tennessee. The cause is remanded to the trial court for further proceedings as set forth above. The costs on appeal are taxed to the Appellee Walker's, Inc., for which execution may issue if necessary.

_____

HOLLY M. KIRBY, JUDGE