IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 20, 2017 Session

ROY ZUMSTEIN v. ROANE COUNTY EXECUTIVE/MAYOR, ASSESSOR
OF PROPERTY, TRUSTEE

Appeal from the Chancery Court for Roane County
No. 2014-131          Frank V. Williams, III, Chancellor

_____

No. E2016-02037-COA-R3-CV

_____

This appeal arises from a taxpayer's successful challenge of the appraisal value assigned to his real property by the Roane County Property Assessor. The taxpayer filed a petition for judicial review challenging an administrative decision that affirmed the assessor's valuation. The trial court ruled in favor of the taxpayer, overturning the administrative decision and ordering Roane County to pay the taxpayer's attorney's fees. On appeal, Roane County argues that the trial court had no authority to assess attorney's fees against it. We agree and reverse the trial court's award of attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Reversed and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and THOMAS R. FRIERSON, II, JJ., joined.

Greg Leffew, Rockwood, Tennessee, for the appellants, Roane County Executive Mayor, Roane County Assessor of Property, and Roane County Trustee.

Jimmy G. Carter and Stephanie L. Prager, Knoxville, Tennessee, for the appellee, Roy Zumstein.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and James P. Urban, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee State Board of Equalization.

OPINION

## BACKGROUND AND PROCEDURAL HISTORY

Roy Zumstein owned three adjacent, separate tax parcels in Roane County. At the request of Mr. Zumstein, in an effort to reduce the land value appraisal, the Roane County Property Assessor combined the three parcels into one tax parcel. Mr. Zumstein initiated these proceedings to challenge his 2013 county real property tax assessment on the combined parcel. Specifically, Mr. Zumstein argued that the appraisal value of $444,500 assigned to the land and improvements by the Roane County Property Assessor was too high. Following a series of administrative appeals, the Tennessee State Board of Equalization Assessment Appeals Commission issued a decision certifying the property's appraisal value as $338,700. Mr. Zumstein filed a petition for judicial review of that decision in the Roane County Chancery Court. The trial court conducted an evidentiary hearing and determined that the property's appraisal value should be reduced to $270,200. Shortly thereafter, Mr. Zumstein filed a motion requesting an award of his attorney's fees. Mr. Zumstein asserted that Tennessee Code Annotated section 67-1-1803(d) mandates that attorney's fees be awarded to prevailing parties in tax litigation. While the trial court did not rule on the applicability of the statute, it concluded that requiring Mr. Zumstein to incur attorney's fees in the case "would be inequitable." As such, the trial court entered an order directing Roane County to pay Mr. Zumstein's attorney's fees in the amount of $12,325. Roane County appealed.

## DISCUSSION

The sole issue Roane County raises on appeal is whether the trial court erred in granting Mr. Zumstein's request for attorney's fees. That issue involves a question of law. We review trial court decisions on questions of law de novo with no presumption of correctness. *Knox Cnty. ex rel. Envtl. Termite & Pest Control, Inc. v. Arrow Exterminators, Inc.*, 350 S.W.3d 511, 518 (Tenn. 2011).

The Tennessee Supreme Court recently reaffirmed its long-standing adherence to the "American Rule" in assessing attorney's fees. *Eberbach v. Eberbach*, No. M2014-01811-SC-R11-CV, --- S.W.3d ----, 2017 WL 2255582, at *3 (Tenn. May 23, 2017). The American Rule provides that, absent a specific contractual or statutory provision that creates a right to recover attorney's fees, litigants are generally responsible for their own attorney's fees. *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). Tennessee's adherence to the American Rule is based on public policy considerations suggesting that society is best served by litigants bearing their own legal fees regardless of the outcome of a case.[1] *Id*. As is often the case with common law

---

[1] The Tennessee Supreme Court has cited four specific public policy considerations that support its adherence to the American Rule:

rules, however, courts have recognized that equitable exceptions to the American Rule should apply in certain circumstances. *See, e.g.*, *House v. Estate of Edmonson*, 245 S.W.3d 372, 377 (Tenn. 2008) (explaining and applying the "common fund" exception to the American Rule); *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 339-40 (Tenn. 1985) (recognizing the "implied indemnity" and the "independent tort" exceptions to the American Rule).

In this case, the trial court did not cite any statutory or contractual provision that established Mr. Zumstein's right to recover his attorney's fees from Roane County. Rather, the trial court merely stated, "Requiring [Mr. Zumstein] to incur attorney fees in this cause would be inequitable." Thus, it appears that the trial court relied solely on equitable considerations in assessing the cost of Mr. Zumstein's attorney's fees against Roane County.

Roane County contends that the trial court had no authority to assess attorney's fees against it based solely on equitable considerations. Specifically, Roane County argues that a court may only assess attorney's fees against a governmental entity when such an award is expressly authorized by statute. For the reasons that follow, we agree.

Roane County's argument is based on the doctrine of sovereign immunity. The doctrine of sovereign immunity has been a part of Tennessee common law for well over a century and provides that a suit may not be brought against a governmental entity unless that governmental entity has consented to be sued. *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997). Likewise, the Tennessee Constitution provides that no party may bring a suit against "the State" except "in such a manner and in such courts as the Legislature may by law direct."[2] Tenn. Const. art. 1, § 17; *see also* Tenn. Code Ann. § 20-13-102(a) (codifying the constitutional rule of sovereign immunity). Thus, at common law and under the Tennessee Constitution, "governmental entities may prescribe the terms and conditions under which they consent to be sued, . . . including when, in what forum, and in what manner suit may be brought." *Sneed v. City of Red Bank, Tenn.*, 459 S.W.3d 17, 23 (Tenn. 2014) (quoting *Cruse v. City of Columbia*, 922 S.W.2d 492,

---

First, since litigation is inherently uncertain, a party should not be penalized for merely bringing or defending a lawsuit. Second, the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included paying the fees of their opponent's lawyer. Third, requiring each party to be responsible for their own legal fees promotes settlement. Fourth, the time, expense, and difficulty inherent in litigating the appropriate amount of attorney's fees to award would add another layer to the litigation and burden the courts and the parties with ancillary proceedings.

*House v. Estate of Edmonson*, 245 S.W.3d 372, 377 (Tenn. 2008) (internal citations omitted).

[2] Although the constitutional provision specifically references suits against "the State," sovereign immunity also extends to "the departments, commissions, boards, institutions and municipalities of the State." *Metro. Gov't of Nashville & Davidson Cnty. v. Allen*, 415 S.W.2d 632, 635 (Tenn. 1967).

495 (Tenn. 1996)).   The "traditional construction" of Tennessee's rule of sovereign immunity "is that suits cannot be brought against the State unless *explicitly authorized* by statute."  *Colonial Pipeline Co. v. Morgan*, 236 S.W.3d 827, 849 (Tenn. 2008) (emphasis added).   In other words, "legislation authorizing suits against the state must provide for the state's consent in 'plain, clear, and unmistakable' terms."  *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (quoting *State ex rel. Allen v. Cook*, 106 S.W.2d 858, 861 (Tenn. 1937)).   As such, Tennessee courts will not find a waiver of sovereign immunity "unless there is a statute clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation."  *Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17, 19 (Tenn. 2007) (quoting *Scates v. Bd. of Comm'rs of Union City*, 265 S.W.2d 563, 565 (Tenn. 1954)).

The doctrine of sovereign immunity empowers the General Assembly to determine not only what actions may be brought against a governmental entity but also what remedies are available in those actions.  *See Emory v. Memphis City Schools Bd. of Educ.*, 514 S.W.3d 129, 145 (Tenn. 2017) ("The remedy crafted by the Court of Appeals is not contained in the [Teachers'] Tenure Act, and we are not at liberty to judicially modify the Act.").   In *Wells v. Tennessee Board of Regents*, the trial court awarded back pay to a tenured university professor whose employment had been wrongfully terminated by the State.  231 S.W.3d 912, 913 (Tenn. 2007).   The trial court reasoned that, although the governing statute did not expressly authorize such an award, "the end result" of the litigation was "not fair" without it.  *Id*. at 915; *see* Tenn. Code Ann. § 49-8-304 (governing judicial review of termination decisions involving tenured state university professors).   The Tennessee Supreme Court reversed the trial court's award, noting the absence of express statutory language that authorized a monetary remedy.  *Wells*, 231 S.W.3d at 917.   The court explained, "Had the legislature intended for a wrongfully terminated college or university professor to receive monetary damages, the statute should have included that provision."  *Id*.   The court therefore concluded, "[T]he General Assembly has chosen not to waive sovereign immunity under these circumstances."  *Id*. at 917-18.

Notably, the General Assembly's exclusive power to define the remedies available to a party prevailing in litigation against the State extends to awards of attorney's fees and costs.  *See Matter of Harris*, 849 S.W.2d 334, 336 (Tenn. 1993) ("[T]he statutory power to assess costs against the state is in derogation of the state's sovereignty and must be strictly construed.").   The General Assembly has enacted statutes authorizing the assessment of attorney's fees against the State in certain types of cases, which the Tennessee Supreme Court has characterized as "permissible impingement[s] on sovereign immunity."  *State v. Thompson*, 197 S.W.3d 685, 691 (Tenn. 2006) (holding that Tennessee Code Annotated section 39-37-104 authorizes awards of up to $10,000 in reasonable and actual attorney's fees to litigants prevailing against the State on claims filed under the Equal Access to Justice Act).   When the General Assembly has not enacted such a statute with regard to a particular type of case, however, the courts may

not assess attorney's fees against a governmental entity on their own authority. *See State ex rel. Chanaberry v. Stooksbury*, 145 S.W.2d 775, 776 (Tenn. 1940) ("The right here asserted to collect costs from the State is not a common-law right, but dependent wholly on statute[.]"). It is, after all, the legislature–and not the judiciary–that is specifically empowered to waive the protections of sovereign immunity. *Hughes v. Metro. Gov't of Nashville & Davidson Cnty.*, 340 S.W.3d 352, 360 (Tenn. 2011).

Based on the foregoing, it is clear that the trial court had no authority to assess attorney's fees against Roane County based on equitable considerations alone. Roane County is a political subdivision of the State and is therefore entitled to the protections afforded by the doctrine of sovereign immunity. As such, any award of attorney's fees assessed against Roane County must have been expressly authorized by statute.

Nevertheless, Mr. Zumstein contends that this Court should affirm the trial court's award because Tennessee Code Annotated section 67-1-1803(d) mandates that attorney's fees be awarded to prevailing parties in tax litigation. In pertinent part, Section 67-1-1803(d) provides:

> The court shall award to the prevailing party reasonable attorneys' fees and expenses of litigation up to twenty percent (20%) of the amount finally assessed or denied, including interest after payment.

To determine whether that statute demonstrates the legislature's clear and unmistakable intent to waive sovereign immunity in this case, we begin by considering the natural and ordinary meaning of its words. *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010). However, because words are known by the company they keep, we must also remain cognizant of the context in which they appear in the statute and the statute's general purpose. *Id*. at 526-27. When a statutory provision is enacted as part of a larger statutory scheme, we examine the entire statutory scheme with the goal of ascertaining the intent of each section and the effect of the statutory scheme as a whole. *Hill v. City of Germantown*, 31 S.W.3d 234, 238 (Tenn. 2000). If different sections appear to be in conflict, we must harmonize them, if practicable, and construe them in a manner that will render every word operative. *Id*. Notably, a specific provision or statute controls over a more general provision in the same or a different statutory scheme. *See State v. Turner*, 193 S.W.3d 522, 526 (Tenn. 2006).

Title 67 of the Tennessee Code governs the administration and collection of taxes in Tennessee. Chapter 1 of Title 67 is titled "General Provisions" and contains statutes that establish the offices and entities responsible for administering and collecting taxes, the powers delegated to those offices and entities, and general procedures for resolving tax disputes. Part 18 of Chapter 1, which includes Section 67-1-1803(d), is titled "Taxpayer Remedies for Disputed Taxes."

Roane County contends that the remedies set forth in Part 18 are not available to taxpayers challenging a county's property tax assessment. Roane County's argument is based, in large part, on an analysis of the sections that surround Section 67-1-1803. For example, Roane County points out that Section 67-1-1801 provides taxpayer remedies "[i]n all cases in which any officer, charged by law with the authority to assess taxes that are collected or administered *by the commissioner of revenue*, shall finally assess a tax alleged or claimed to be due." Tenn. Code Ann. § 67-1-1801(a)(1) (emphasis added). Similarly, Section 67-1-1802 states, "*The commissioner of revenue* . . . is empowered and directed to refund to taxpayers all taxes collected or administered *by the commissioner* that are . . . paid in error[.]" Tenn. Code Ann. § 67-1-1802(a)(1)(A) (emphasis added). Section 67-1-1804 provides that the procedures established in Part 18 are "the sole and exclusive jurisdiction for determining liability for all taxes collected or administered *by the commissioner of revenue*[.]" Tenn. Code Ann. § 67-1-1804 (emphasis added). Roane County contends that the legislature's use of the phrase "by the commissioner of revenue" in those sections reflects its intent to make all of the remedies in Part 18 available only in disputes involving taxes assessed and collected by the commissioner of revenue on behalf of the State. As such, Roane County argues that Section 67-1-1803(d) does not authorize an award of attorney's fees to a party who successfully challenges a property tax assessment because property taxes in Tennessee are assessed and collected by local governments and not by the commissioner of revenue on behalf of the State. *See* Tenn. Code Ann. § 67-5-102(a) (authorizing counties to levy taxes on property); Tenn. Code Ann. § 67-5-103 (authorizing municipalities to levy taxes on property). Put another way, Roane County contends that Section 67-1-1803(d) only waives sovereign immunity with regard to the assessment of attorney's fees against the State.

Mr. Zumstein, on the other hand, contends that Section 67-1-1803(d) applies generally to all tax disputes in Tennessee. In support of that argument, Mr. Zumstein points out that Section 67-1-1803(d), unlike the sections surrounding it, does not contain specific language that limits its application to disputes involving taxes assessed and collected by the commissioner of revenue. He therefore contends that Section 67-1-1803(d), by its plain meaning, mandates awards of attorney's fees to prevailing parties in all tax litigation.[3]

---

[3] In his brief, Mr. Zumstein cites four Tennessee cases in support of his assertion that Section 67-1-1803(d) mandates awards of attorney's fees to the prevailing party in all tax litigation. We note, however, that each of the cases cited by Mr. Zumstein involves a taxpayer challenge to the State's assessment of sales and use taxes. *See Walker's, Inc. v. Farr*, 338 S.W.3d 887, 889 (Tenn. Ct. App. 2010); *Davis Enters., LLC v. Farr*, No. E2008-00140-COA-R3-CV, 2008 WL 4998411, at *1 (Tenn. Ct. App. Nov. 25, 2008); *Carson Creek Vacation Resorts, Inc. v. Tenn. Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993); *Nutritional Support Servs., Ltd. v. Taylor*, 803 S.W.2d 213, 214 (Tenn. 1991). Because none of the cases involves a challenged property tax assessment, we conclude that they are not applicable to the facts of this case.

This Court recently held in *Chuck's Package Store v. City of Morristown* that Section 67-1-1803(d) applied in a taxpayer lawsuit contesting a municipal tax. No. E2015-01524-COA-R3-CV, 2016 WL 3640063, at *12 (Tenn. Ct. App. June 30, 2016), *perm. app. granted* (Tenn. Nov. 16, 2016). In that case, several taxpayers were successful in challenging an alcohol inspection fee collected by the City of Morristown, and the trial court held that they were entitled to an award of attorney's fees pursuant to Section 67-1-1803(d). *Id.* at *2. On appeal, the municipality argued that Part 18 only applied in cases involving taxes collected or administered by the State. *Id.* at *6. This Court rejected that argument and affirmed the trial court's award, holding that the procedures and remedies set forth in Part 18 governed the case.[4] *Id.* at *12. While that holding may appear to lend some support to Mr. Zumstein's position, *Chuck's Package Store* involved an alcohol inspection fee, not a real property tax. As we explain below, that distinction is significant.

Tennessee Code Annotated section 67-5-2103(h) provides:

> Title 67, chapter 1, part 18, is not applicable to property tax proceedings, property tax liens, or the enforcement of such property tax liens.

Tenn. Code Ann. § 67-5-2103(h). Chapter 5 of Title 67 is titled "Property Taxes" and contains specific statutes governing, among other things, the classification and assessment of property, Tenn. Code Ann. §§ 67-5-501 to -1334, and the review of property tax assessments by county boards of equalization, Tenn. Code Ann. §§ 67-5-1401 to -1415, and by the state board of equalization. Tenn. Code Ann. §§ 67-5-1501 to -1515. Part 21 of Chapter 5 is titled "Tax Liens." Section 67-5-2101 provides that all taxes on property "shall become and remain a first lien upon such property." Tenn. Code Ann. § 67-5-2101(a). In that vein, Section 67-5-2103(a) provides that "proceedings for the enforcement of property tax liens, *from the assessment to sale for delinquency*, shall be a proceeding in rem[.]" Tenn. Code Ann. § 67-5-2103(a) (emphasis added). Thus, by providing that the remedies available in Title 67, chapter 1, part 18 do not apply in "property tax proceedings," Section 67-5-2103(h) makes it clear that Section 67-1-1803(d) does not apply in property tax assessment challenges. *Cf. Jones Oil Co., Inc. v. Huddleston*, No. 01A01-9308-CH-00381, 1994 WL 115868, at *4 (Tenn. Ct. App. Apr. 6, 1994) (holding that the specific petroleum tax refund provisions of Section 67-3-404 control over the general tax refund provisions of Section 67-1-1802 in cases involving taxes paid pursuant to the petroleum tax statutes). As such, we conclude that Section 67-1-1803(d) cannot serve as a basis for upholding the trial court's assessment of attorney's fees against Roane County in this case.

---

[4] We note that the Tennessee Supreme Court granted the City of Morristown's application for permission to appeal on November 16, 2016.

In sum, the trial court erred in granting Mr. Zumstein's request for attorney's fees. Although courts may use their equitable powers to make an award of attorney's fees in certain circumstances, the doctrine of sovereign immunity requires that the legislature expressly authorize the assessment of attorney's fees against a governmental entity. Because the General Assembly has not enacted a statute expressly authorizing the assessment of attorney's fees against a county in a property tax assessment challenge, the trial court had no authority to assess attorney's fees against Roane County in this case.

## CONCLUSION

The trial court's award of attorney's fees is reversed. This case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of this appeal are taxed to the appellee, Roy Zumstein, for which execution may issue.

_____
ARNOLD B. GOLDIN, JUDGE